## GABINO MARQUEZ v. THE STATE.

No. 1738. Decided June 21, 1899.

**1. New Trial—Newly Discovered Evidence.**

Defendant filed two motions for new trial on the ground of newly discovered evidence. The first had attached to it the affidavit of defendant but not the affidavit of the witness by whom the facts were expected to be proved. The second contained the affidavit of the party by whom the facts were expected to be proved, but defendant's affidavit was not attached to the same. Held, there was no compliance with the statute as to newly discovered evidence, and the motion would not be reviewed.

**2. Same—Diligence.**

Where a motion for new trial for newly discovered evidence is controverted by the prosecution as to diligence, and a total want of diligence is shown, the motion is properly overruled.

.3.  Exclusion of Evidence—Practice—Bill of Exceptions.

Where no bill of exceptions was reserved to the exclusion of testimony, the same will not be reviewed on appeal, though the same was complained of on motion for new trial.

4.  Charge of Court.

It is not error for the court to fail or refuse to charge upon issues not raised by the evidence.

5.  Failure to Prove Venue—Practice.

Under provisions of article 904, Code of Criminal Procedure, now amended, the failure to prove venue on the trial of a case can not be raised unless a bill of exceptions is reserved in the court below.

APPEAL from the District Court of El Paso.  Tried below before Hon. A. M. WALTHALL.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

No statement necessary.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of cattle and his punishment assessed at two years confinement in the penitentiary.

An inspection of the record discloses two motions, both of which are styled, "First Amended Motion for New Trial," filed on the 24th and 25th of February, respectively.  The motion filed February 24th has the affidavit of appellant attached, claiming a new trial on the ground of newly discovered evidence, but the affidavit of the party by whom he proposed to prove the newly discovered facts is not attached to said motion.  The motion filed on the 25th of February contains the affidavit of the party by whom he expects to prove the newly discovered evidence, but does not contain the affidavit of appellant.  The statement of the condition of these two motions shows that the question of newly discovered evidence can not be reviewed by us, because appellant does not comply with the statute in reference to setting up the newly discovered evidence.  Furthermore, we find from an inspection of the record that the district attorney filed an affidavit which shows that the absent witness, by whom defendant has discovered he can prove certain facts, was in the city of El Paso several days during and since the trial of this cause; "that said witness is now, and has been for several years last past, a resident of said county of El Paso, and that he has been in this county since the filing of the indictment herein almost continuously; and that he has been absent from this county, if at all, but temporarily, and that but a few days at a time." This would certainly indicate that appellant has not exercised any diligence to ascertain what the witness Dunham knew about the facts of this case.  We therefore conclude that appellant's motion for new

trial, on the ground of newly discovered evidence, is not well taken.

Appellant's first complaint in his motion for new trial is to the action of the court in excluding the testimony of the witness Raymond Maesa; but, as appellant did not reserve a bill of exceptions to this, we can not review it.

Appellant's second complaint is that the court erred in failing to charge the jury to the full extent on the question of ownership and intent existing in the mind of defendant at the time he took the cattle; and his third complaint is that the court erred, in his charge on the question of ownership raised by defendant, in failing to give a sufficient charge on the question of fraudulent taking. We do not think either of said issues is raised by the evidence.

His fourth complaint is that the verdict of the jury is contrary to the law and wholly unsupported by the evidence. We do not think it is necessary to review all the facts of the case. Appellant's defenses were properly submitted, and there is ample evidence on the part of the State supporting the verdict, and the jury having seen fit to believe the State's theory of the case, we are not disposed to disturb their finding.

Appellant's sixth complaint is that the court erred in failing to instruct the jury to find defendant not guilty because the State failed to prove venue. An inspection of the record shows that venue was proven. Furthermore, under Code of Criminal Procedure, article 904, as amended by Acts 1897, page 11, the failure to prove venue can not be raised unless a bill of exceptions is reserved in the court below. We have carefully reviewed all of appellant's assignments of error, and finding no error in the record, the judgment is affirmed.

*Affirmed.*