G. L. SEARCY V. THE STATE.

No. 1967. On Motion for Certiorari, Decided April 26, 1899.

No. 1967. On Merits, Decided June 21, 1899.

No. 1967. On Rehearing, Decided October 18, 1899.

1. Certiorari to Perfect Record.

See opinion for valid objections to a transcript on appeal, on account of which a certiorari is awarded requiring the clerk to prepare and forward a perfect one in accordance with law, and adjudging the costs against said clerk.

ON THE MERITS.

2. Sunday Law—Constitutional Law—Class Legislation.

Our Sunday law, Penal Code, articles 199, 200, denouncing a penalty for selling goods on Sunday, but exempting certain characters of business and sales from the operation of the law, is not class legislation, because the Legislature is authorized, under its police power, to exempt certain articles of merchandise as common necessities, the sale of which should not be prohibited.

3. Selling Liquor on Sunday.

Whisky, when not sold as a medicine, or by a druggist, on Sunday, is regarded as a beverage, and comes within the inhibitions of the statute.

4. Construction of Statutes.

Where a statute is even of doubtful import, it is the duty of the court to give it that construction which will uphold its constitutionality.

ON MOTION FOR REHEARING.

**5. Construction of Statute, Article 1012, Penal Code, as to Additional Process for Witnesses.**

Penal Code, article 1012, inhibiting clerks from issuing further process where witness has been served with process by one party, except upon order of the judge, etc., applies only in felony cases; it has no application to misdemeanors.

**6. Continuance—Witness of Opposite Party.**

Where an application of defendant for continuance is based upon process sued out for a witness by the State, the application must connect the defendant seeking the continuance with the original process; and the process should show the fact that at the time it was issued the defendant also desired the witness.

**7. Same.**

A continuance will be held to have been properly refused where in the face of the record it is not probably true that the witness would testify as stated in the application, or if he did, that an honest jury would not believe his testimony.

APPEAL from the County Court of Karnes. Tried below before Hon. F. THEO. BARNES, County Judge.

Appeal from a conviction for selling a bottle of whisky on Sunday; penalty, a fine of $20.

*Graves & Bell,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—The Assistant Attorney-General has filed the following motion for writ of certiorari:

1. Now comes the State of Texas, by the Assistant Attorney-General, in the above styled and numbered cause, and shows to the court that the transcript filed herein is imperfect in this:

That it fails to comply with rule 114 for the district courts of this State, which apply and control the making of transcripts herein, in that the same is not legible.

2. The State would show to the court, that on page 2 of said transcript, what purports to be a copy of the indictment is written by a typewriter, and that same is so dim that the letters and figures of the same are not discernible and absolutely unintelligible. That on page 3 of said transcript, wherein the motion to quash is supposed to be transcribed, and page 4, wherein the judgment rendered against appellant is supposed to be transcribed, and pages 6 and 7 of the statement of facts, are absolutely unintelligible.

3. That said transcript is imperfect, for the reason that the same is not certified to properly by the clerk of the County Court of Karnes County, to wit, Wm. I. Mayfield, in this: That the signature of said clerk to said certificate is a typewritten signature, and is not the signature of said clerk.

Wherefore he prays that a certiorari forthwith issue from this court commanding the clerk of the County Court of Karnes County to for-

ward to the clerk of this court a perfect transcript of the record in this case in accordance with the law.

We have examined what purports to be the transcript, and find that the Assistant Attorney-General's criticism of the same is correct. There are whole pages of the transcript that can not be read at all. The motion is sustained; and we therefore order that the writ of certiorari do forthwith issue, directed to the clerk of the County Court of Karnes County, Texas, commanding him to prepare and forward to this court a perfect transcript of the record in this cause in accordance with law.

Costs will be awarded against the clerk of the County Court of Karnes County.

## ON THE MERITS.

HENDERSON, JUDGE.—Appellant was convicted under article 199, Penal Code, for selling liquor, being goods, on Sunday, and his punishment assessed at a fine of $20, and he appeals.

The court properly overruled appellant's motion for continuance. No diligence was shown.

Appellant made a motion to quash the indictment and in arrest of judgment, on the ground that the statute constituting this an offense, together with the succeeding statute (article 200, Penal Code), making certain exemptions, is unconstitutional, in that it is class legislation. In other words, he insists that the exemption from the operation of the law of keepers of drugstores, etc., is a personal exemption in favor of such citizens, and authorizes them to deal in goods, wares, and merchandise that other citizens are inhibited from dealing in. If this were a correct construction and interpretation of the law, his contention would be sound. But we do not so regard it. The exemption, as we construe it, is in favor of the article sold by the persons who deal in such articles; and it was not only competent for the Legislature to pass a Sunday law (Ex Parte Sundstrom, 25 Texas Criminal Appeals, 133), but the Legislature was also authorized, under its police power, to exempt certain articles of merchandise as common necessities, the sale of which should not be forbidden by law. Drugs and medicines were very properly placed in this category, and the keeper of a drugstore is authorized to sell drugs and medicines, but not other goods that do not belong in this class. We might take judicial cognizance that certain articles are drugs or medicines, but this is often a question of proof. Todd v. State, 30 Texas Crim. App., 667. Whisky is not ordinarily placed in this category, but regarded as a beverage, and comes within the inhibited articles. Day v. State, 21 Texas Crim. App., 213. There is no pretense here that same was sold as a medicine or by a druggist.

The fact that article 187 of the Code of 1876 was not brought forward by the codifiers in the new Code makes no difference in the construction above placed on said article. It is our duty, even if there were any difficulty as to the construction of this article, to uphold it as consti-

tutional, if the matter is of doubtful import, as it will be presumed that the Legislature did not intend to violate the Constitution in passing the article in question, and that construction should be given it which will uphold its constitutionality.    Bish. on Crimes, 93.    We do not believe, however, there is any difficulty in regard to the construction which we have placed on this article; and, in our view, the court did not err in overruling the motion to quash or in arrest of judgment on the ground that the act was unconstitutional.    There being no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—This case was affirmed at the Austin term, and now comes before us on motion for rehearing.

Appellant insists that the court paid no attention to his motion for continuance.    The original opinion, however, disposes of said question in these terms:    "The court properly overruled appellant's motion for continuance.    No diligence was shown."    In support of appellant's contention, he refers us to Byrd v. State, 39 Texas Criminal Reports, 609, and urges that this case does not come within the rule laid down in that case.    No reference was made in the original opinion to the Byrd Case, nor was it relied on.    We understand appellant here to rely on the original process issued for the witness Jose Maria Garmis to support his diligence.    This process was issued on the 30th of March, 1898, and was returned on the 16th of May following, which was the first day of court.    The witness not responding, appellant then, for the first time, had process issued for said witness to testify on his behalf.    The case was tried on May 28th, the witness not having been subpoenaed.    Now, the question presented is, was this sufficient diligence?    In Mixon v. State, 36 Texas Criminal Reports, 66, which was a felony case, we strongly intimated that, where a defendant relied on the diligence used by the State, he should, at the time the original process issued, have connected himself with it by a proper application.    Referring to the law of the Twenty-first Legislature, which is article 1012, Penal Code, it will be seen that the purpose of this enactment was to prevent accumulation of costs against the State in felony cases.    It makes the district clerk guilty of an offense if he duplicates process, and, among other things, provides:    "When a witness has been served with process by one party, that the clerk should not issue other or further process for said witness, except upon the order of the presiding judge, made on application to him for that purpose; and that such process inures to the benefit of the opposite party in case he should need said witness;",and further provides "that as far as practicable the clerk shall include in one process the names of all witnesses for the State and defendant; and such process shall show that the witnesses are summoned for the State and defendant."    From this it would be inferred that at the time of the

issuance of the process, if the opposite party desire the witness, he must connect himself with it, and that the process should show this fact. Now, appellant in this case in nowise connected himself with the process issued by the State on the 30th of March, 1898. The State, no doubt, desired said witness, as the sale of the liquor was alleged to have been made to him, for the purpose of proving such sale. When the witness failed to respond, some sixteen days thereafter, appellant for the first time, it appears, desired his attendance, and when he could not be procured, on the 28th of May following, made his application for continuance, in which he alleged that he expected to prove by said witness that appellant made no sale to him,—exactly the converse of his testimony as expected by the State. If it was intended by this law to operate on the question of diligence in issuing subpoenas, it occurs to us, as stated before, that the party should connect himself with the diligence used by the State at the issuance of the process, and should be able to show that the State had used due diligence; but it is a sufficient answer to appellant's proposition to state that, by its terms, the statute has no application to cases of misdemeanor, but is confined solely to felonies,—the enactment being for the purpose of saving costs to the State, and not to regulate the matter of costs where the State is not responsible, as in misdemeanor cases. Under the circumstances of this case, we do not believe appellant used due diligence to procure said witness; nor do we believe, in the face of the record, that it is probably true that the witness would testify as stated in the application, or, if he did so testify, that an honest jury would regard his testimony as true.

Counsel for appellant present a very able brief on the main question, which was disposed of in the original opinion. However, we see no reason to change the views therein expressed. Furthermore, as to the name of the party being Garmis or Gomez, there was proof on this issue before the jury; and this matter was fully submitted to them in the charge of the court, and they decided against appellant's contention. The motion for rehearing is overruled.

*Motion overruled.*