[No. 6931. Decided December 11, 1907.]

# THE STATE OF WASHINGTON, *Respondent*, v. ROBERT MERCHANT, *Appellant*.[1]

STATUTES—TITLES AND SUBJECTS. The failure of the title of an act to indicate that the act carries a penalty for violation of its provisions, does not necessarily invalidate the act as containing more than one subject not expressed in the title.

SAME—SUFFICIENCY OF TITLE—CORPORATIONS—OFFICERS—LIABILITY. The title of an act limited to the protection of "stockholders or other persons dealing with the corporation," is not sufficiently broad to include provisions making it a penal offense to issue false statements to persons "dealing with the stock of the corporation," and the act is void as to such provisions, although valid as to its provisions relating to dealings with the corporation, and is not restricted to dealings with "stockholders" only.

CORPORATIONS—OFFICERS — CRIMINAL LIABILITY — INFORMATION — DUPLICITY. An information alleging the violating of a statute as to dealings with "the corporation and its stock," which statute was valid as to dealings with the corporation, but void as to dealings with its stock, is not duplicitous, since it alleges the dealings with the corporation, and the allegations as to dealings with the stock charges no crime and is immaterial.

SAME—EVIDENCE—CRIMINAL LAW—TRIAL. Under such an information, it is error, upon evidence that the prosecuting witness bought stock in the corporation and arranged to take charge of one of its offices, to submit the case to the jury on the theory that the defendant would be guilty by reason of the dealings with the stock as well as by reason of the dealings with the corporation.

SAME—EVIDENCE—BEST EVIDENCE—CORPORATE CAPACITY. Upon a prosecution for the violation of a statute relating to dealings with a corporation, it is error to admit, over the defendant's objection, oral evidence of the incorporation of the company.

CRIMINAL LAW—TRIAL—RIGHT TO JOINT TRIAL. One jointly indicted has no right to demand that he be jointly tried with his co-defendant, especially where it appears that he was the only real party defendant.

Appeal from a judgment of the superior court for King county, Morris, J., entered April 22, 1907, after a trial and

[1] Reported in 92 Pac. 890.

conviction of the violation of a statute relating to corporations. Reversed.

*Fred H. Lysons*, for appellant.

*Kenneth Mackintosh* and *George F. Vanderveer*, for respondent.

HADLEY, C. J.—In this action the state instituted a prosecution against the defendant Merchant, under and by virtue of a statute passed in 1903, the act being found in chapter 93, page 141, Laws of 1903. The act consists of but one section and is as follows:

"Any superintendent, director, secretary, manager, agent, or other officer of any corporation formed or existing under the laws of this state, or transacting business in this state, or any person pretending or holding himself out as such superintendent, director, secretary, manager, agent, or other officer, who shall wilfully subscribe, sign, indorse, verify, or otherwise assent to the publication, either generally or privately, to the stockholders or to other persons dealing with such corporation, or its stock, any wilfully untrue or wilfully and fraudulently exaggerated report, prospectus, account, statement of operations, values, business profits, expenditures, or prospects, or other paper or document intended to produce or give, or having a tendency to produce or give, to the shares of stock in such corporation a greater value than they really possess, or with the intention of defrauding any particular person or persons, or the public or persons generally, shall be deemed guilty of an offense against the laws of the state of Washington, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary, not less than one nor more than five years, or in the county jail not more than one year, or by a fine not exceeding two thousand dollars or by both."

By information the said defendant was charged, jointly with another, with having violated the terms of the statute in that, as secretary and director of the National Brokerage Company, a corporation, he did "wilfully, unlawfully, and feloniously subscribe, sign and publish to one Alfred B. Adams,

a person then and there dealing with said corporation and its stock, a certain wilfully untrue and wilfully and fraudulently exaggerated report, account, or statement of operations, values, and business profits of said corporation, the same being a paper or document intended to produce and give, and having a tendency to produce and give, to the shares of stock in said corporation a greater value than they really possessed, and with the intention of defrauding said Alfred B. Adams." A copy of the said statement is set forth in the information. The defendant demurred to the information, and the demurrer was overruled. A plea of not guilty was then entered by him, and he was tried separately before a jury. A verdict was returned, finding him guilty as charged, the court fixed the punishment at a fine of $1,000, and the defendant has appealed.

The appellant urges that the statute under which he is being prosecuted is unconstitutional, for the reason that its title is insufficient under § 19, art. 2 of the state constitution, which provides that "No bill shall embrace more than one subject, and that shall be expressed in the title." The title of the act is as follows: "An act to protect stockholders and persons dealing with corporations in this state." It is first contended that inasmuch as the act describes a crime, and fixes a penalty, the title is insufficient in that it fails to so indicate. It is argued that, under the title of this act, the legislature could have provided remedies entirely civil in their nature, and that from a reading of the title one would not necessarily expect to find that the body of the act contains a penalty. There has been much conflict of decision upon this subject under similar constitutional provisions. Appellant cites *State v. Clark*, 43 Wash. 664, 86 Pac. 1067, as involving a title similar to the one now before us. That title was as follows: "An act for the protection of builders and declaring an emergency." It was held to be insufficient, and the act was declared void. The gravamen of the argument in the opinion was,

however, directed to the indefinite character of the title in that the words used did not show with sufficient clearness who were to be protected by the act, the term "builders" being one of such elastic application that it might include owners as well as contractors, independent contractors, or even other persons, and the act manifestly could not have been intended for the protection of all. The fact that the title failed to state that the act carried a penalty was not directly discussed. In the later case of *State v. Ames*, 47 Wash. 328, 92 Pac. 137, this precise point was decided against appellant's contention. The title of the act there considered was as follows: "An act to establish pilots and pilot regulations for the Straits of Juan de Fuca, Puget Sound, and all American waters pertaining thereto." The court said of the above title:

"But we think the title sufficient to include the penalty. The general rule under similar constitutional provisions is that a title such as the one in question is sufficiently broad to include a penalty."

A number of authorities are there cited. However inadvisable such an omission may be from a legislative standpoint, yet by the above decision it is settled in this jurisdiction that the constitutional provision is not necessarily violated by a mere failure to state in the title of an act that the act itself carries a penalty. The fact that the former case involved a statute providing punishment as for misdemeanor only can make no difference in principle.

It is, however, contended that the title is insufficient in another particular. It will be observed that it is limited to the protection of stockholders and persons dealing with corporations, while the body of the act provides that the publication of the fraudulent or exaggerated statement to persons "dealing with such corporation or its stock" shall subject one to punishment. The act thus clearly makes it a penal offense to publish the false statement to persons dealing with the corporation. It is also with equal clearness made an offense to issue such a statement to persons dealing with the stock of

the corporation. Dealing with a corporation and merely deal-
ing with its stock are distinct subjects. One may deal with
the stock of a corporation in the open market and in no sense
deal with the corporation. The subject of dealing with the
stock is clearly not comprehended in this title, and to that ex-
tent the act must be held invalid.

We think, however, that the act must stand so far as it re-
lates to dealing with corporations. Appellant insists that in
any event it must be restricted to stockholders who deal with
corporations. It is claimed that in the expression "to stock-
holders or to other persons dealing with such corporation,"
the word "stockholders" preceding "other persons" limits the
other persons to stockholders. If stockholders were mentioned
in general as an entire class, there might be force in the argu-
ment, and the word " or other persons" under the authorities
might then be limited to the same general class as those de-
scribed in the preceding words. Stockholders as an entire
class are, however, not designated, but only those dealing with
corporations. The comprehensive class specified therefore in-
cludes all persons dealing with corporations, stockholders who
so deal as well as others. The dealing with corporations, as
mentioned in the act, must mean more than the mere act of
holding stock and refers rather to ordinary contractual deal-
ing, which may be done by either stockholders or others.

With the above views of the statute it must first be de-
termined whether the demurrer to the information should have
been sustained. It will be observed by reference to the quota-
tion from the information hereinbefore set out that it was
charged that the false statement was made to one Adams, a
person dealing with the corporation and its stock. Appellant
contends that the charge is duplicitous in that an attempt is
made to charge two crimes. Under our holding above, that
the portion of the statute which relates to dealing with the
stock of a corporation must fall, it follows that the part of
the information in relation to that subject charges no crime,

and it is merely immaterial. The averment is, however, clearly made that the false statement was made to a person dealing with a corporation, which charges a single crime under the statute, and for reasons heretofore stated it was not necessary to describe such person as a stockholder. We therefore hold that it was not error to overrule the demurrer to the information.

At the trial Adams testified that he bought stock in the corporation as the result of a false statement, and that as resulting from the same thing he arranged with the corporation to take charge of the Portland office as manager. The appellant himself also testified to the same effect concerning the arrangement with Adams to take charge of the Portland office. The latter arrangement was clearly dealing with the corporation, but the evidence was also decidedly directed to the matter of dealing with the stock, and the cause was submitted to the jury on the theory that both elements were included in the charge. This was error under our views of the statute, and the judgment will have to be reversed so that the cause may be submitted to a jury upon the one feature only, that of issuing a false statement to Adams as a person dealing with said corporation.

Inasmuch as a new trial must be granted we need not discuss all the other errors assigned, but as one or two matters may arise on the new trial, it is advisable that reference shall be made to them here. One of the material allegations of the information is that the concern with which Adams was dealing was a corporation. That fact was a particularly material one at the trial, for the reason that if the concern had not a corporate capacity, no crime was committed under the terms of the statute. The only proof of the corporate capacity was oral testimony admitted over appellant's objection. We think the proof of so material a fact which must peculiarly rest in a higher class of testimony should have been made from the necessary records as the best evidence. In this regard we think the court erred.

Appellant demanded that he be tried jointly with one Wentworth, who was jointly charged with him. The record does not show that process was ever served upon Wentworth, or that he was ever taken into custody and thereby became an actual party defendant. If Wentworth had been put upon trial at the same time, he could have demanded a separate trial under the terms of Bal. Code, § 6949 (P. C. § 2198); so that appellant had no absolute right to be tried jointly. But whatever may have been his right with respect to such a demand, if Wentworth had been actually in custody and had not demanded a separate trial, still, so far as the record discloses, appellant was the only real party defendant, and the court did not err under such circumstances.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

RUDKIN, FULLERTON, MOUNT, and CROW, JJ., concur.

DUNBAR, J., dissents.