# THE STATE v. JOHN PEYTON, Appellant.

### Division Two, May 23, 1911.

1. **REFERENCE STATUTES:** Felony. Statutes whose object is to incorporate into the act of which they are made a part the provisions of other statutes by reference and adoption, are called "reference statutes." They are of frequent use to avoid encumbering the statute books by unnecessary repetition. They are usually made to apply to modes of procedure, but may be made to apply to offenses which are germane to the subject of the act, and even felonies may be created by them.

2. ———: **Primary Election Law: Voting in Name of Another.** Sec. 4442, R. S. 1909, which is a part of the general election law, makes it a felony for one to attempt to vote in a name "not his own;" and section 31 of the Primary Law of 1907 says that "any act declared an offense by the general laws of this State concerning caucuses and elections shall also in like case be an offense in all primaries, and shall be punished in the same form and manner as therein provided." *Held,* that one who attempted to vote at a primary election in a name "not his own" can be punished in pursuance of said section 4442, which by the Primary Law is made applicable to primary elections.

3. ———: **Title: Primary Election Law: Offenses.** A title to an act entitled, "An act to provide for party nominations by direct vote," clearly expresses the subject of the act to be laws governing the holding of party primary elections for the nominations of candidates, and under that title the body of the act may contain all provisions germane to the subject of primary elections, including those necessary to make the act effective, by providing punishment for those who violate its provisions; and, hence, a section of the act which declares the general election laws shall be applicable thereto, is embraced within its title—for instance, the section of the general election law which makes it a felony for one to attempt to vote in a name not his own.

Appeal from St. Louis City Circuit Court.—*Hon. Charles C. Allen,* Judge.

AFFIRMED.

*Hugh C. Brady* and *C. Orrick Bishop* for appellant.

(1) The principal ground of the motion to quash in this case was based upon the theory that section 31 of the Act of 1907 regarding primary elections did not designate the offense charged in the indictment. This section (Laws 1907, p. 269) undertook to define certain offenses under the act, and in one general sweeping clause provided that "any act declared an offense by the general laws of this State concerning caucuses and elections shall also in like case be an offense in all primaries and shall be punished in the same form and manner as therein provided, and all the penalties and provisions of the law as to such caucuses and elections, except as herein otherwise provided, shall apply in such case with equal force and to the same extent as though fully set forth in this act." It is a well-established principle of the criminal law that a statute defining an offense and prescribing a punishment should do so in unequivocal terms; that no act is an offense unless expressly so declared in terms which admit of no doubtful construction, and no punishment is to be inflicted unless specifically prescribed. And in this instance there is large room for doubt as to what was the intention of the Legislature. Why were the terms used "caucuses and elections" unless the intention of the Legislature was that the penalties heretofore inflicted for violations of the laws regulating caucuses and elections were to remain as before? (2) The indictment was also assailed in the motion to quash on the ground that section 31 of said act was in direct contravention of article 4, sections 28 and 33 of the Constitution, in so far as it undertook to describe and define offenses and prescribe penalties therefor, for the reason that the provisions of said section 31 were not clearly set forth or expressed in the title of the act. The Act of 1907

(Laws 1907, p. 263) under which this indictment purported to be drawn, is entitled simply "An act to provide for party nominations by direct vote." No one would ever dream, in reading this title, that there was any provision made therein for punishing, as for a felony, any person who should attempt to vote at a primary in the name of another person; or that any provision was made therein for a punishment of any violation of its provisions. The object of the title is to notify the citizen of the general character of the act ° of which it is the title, and the natural inference from this title is that in some manner, specified in the act, party nominations (not elections) shall be made by direct vote, instead of, as formerly, by caucuses or conventions or ward or district meetings. St. Louis v. Weitzel, 130 Mo. 616; St. Louis v. Wortman, 213 Mo. 131; State v. Persinger, 76 Mo. 347; Cooley, Const. Lim. (7 Ed.), 212.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

(1) By his motion to quash, duly filed, appellant challenged the sufficiency of the indictment on the grounds that the indictment is drawn under Sec. 4442, R. S. 1909, and that that section is not applicable to primary elections. That point seems to be answered in the case of State v. Taylor, 220 Mo. 628. The following case, though the question is not very well reasoned, seems in point in support of the excerpt from the Von Stade-Taylor case above set out. State v. Hunter, 69 Ark. 548. Generally, "reference acts" deal with "rules of construction or modes of procedure for carrying out their provisions." 26 Am. and Eng. Ency. Law, 711; 36 Cyc. 969. The indictment is properly drawn and charges an offense under Sec. 4442, R. S. 1909. It follows the statute, and, with the changes made necessary by reason of the offense in

this case having been committed at a primary election, follows substantially forms heretofore approved. State v. Fielder, 210 Mo. 196; State v. Fawcett, 212 Mo. 738; State v. Scott, 214 Mo. 258. There was no need to allege that appellant was "prevented or intercepted." State v. Neal, 178 Mo. 69.

FERRISS, J.—The defendant attempted, at a general primary election held in St. Louis on August 4th, 1908, to vote in the name of Peter B. Bysor, who was a duly qualified and registered voter. Proceedings were instituted against defendant, which resulted in his conviction of the offense of attempting to vote in a name not his own, and sentence to the penitentiary.

The indictment is drawn under section 4442, Revised Statutes 1909, which makes it a felony for one to attempt to vote in a name "not his own." The defendant filed a motion to quash the indictment upon the following grounds:

"1st. The indictment does not charge any offense against the laws of the State of Missouri.

"2d. The indictment charges no offense declared to be such by the general laws concerning caucuses and elections.

"3d. The indictment charges the alleged offense to have been committed at a primary held August 4, 1908, which primary was held under the provisions of an act entitled, 'An Act to provide for party nominations by direct vote,' passed by the 44th General Assembly, approved March 18, 1907. Section 31 of said act is in direct contravention of the provisions of article 4, sections 28 and 33, of the Constitution of Missouri, in so far as it attempts to describe and define offenses and prescribe penalties therefor, for the reason that the provisions of said section 31 are not clearly set forth and expressed in the title of the act.

"4th. The indictment charges defendant with a felony which can be committed only at an election.

"5th. The indictment attempts to create a felony by implication.

"6th. The act under which the primary was held August 4th, 1908, does not in itself name or create a criminal offense of the character attempted to be charged in the indictment."

This motion assails the indictment upon two grounds: 1. That section 4442 is not applicable to primary elections, and that consequently the indictment charges no offense under the law. 2. That the provisions of section 31 of the Primary Law of 1907 are not within the title of the act, and are therefore in violation of section 28 of article 4 of the State Constitution.

The only ground for reversal urged in this court is the action of the trial court in overruling this motion to quash.

I. Section 4442, Revised Statutes 1909, was enacted in 1903 as section 2120k of an act entitled, "An Act to amend article 6 of chapter 15, Revised Statutes of Missouri of 1899, by adding thereto sixteen new sections to be designated as follows: Sections 2120a, 2120b, 2120c, 2120d, 2120e, 2120f, 2120g, 2120h, 2120i, 2120j, 2120k, 2120l, 2120m, 2120n, 2120o, 2120p, and defining offenses in connection with elections, and prescribing penalties therefor." [Laws of 1903, p. 155.] Said section 4442 is a general law applicable to elections.

The primary election involved in this case was held August 4th, 1908, under the Primary Law of 1907. [Laws of 1907, p. 263.] Section 31 of that act provides: "Any act declared an offense by the general laws of this State concerning caucuses and elections shall also in like case be an offense in all primaries, and shall be punished in the same form and manner as

therein provided, and all the penalties and provisions of the law as to such caucuses and elections, except as herein otherwise provided, shall apply in such case with equal force and to the same extent as though fully set forth in this act."

Section 32 is as follows: "The provisions of the statutes now in force in relation to the holding of elections, the solicitation of voters at the polls, the challenging of voters, the manner of conducting elections, of counting the ballots and making return thereof, and all other kindred subjects, shall apply to all primaries in so far as they are consistent with this act, the intent of this act being to place the primary under the regulation and protection of the laws now in force as to elections."

Statutes of this character are called "reference statutes." Their object is to incorporate into the act of which they are a part the provisions of other statutes by reference and adoption.

It is contended by the defendant that the offense defined in section 4442 cannot be regarded as incorporated into, and a part of, the Primary Law of 1907 by virtue of these reference statutes, for two reasons: (a) Because the reference is to acts denounced as offenses by the general laws concerning "caucuses and elections," and the provisions of the primary law then in force (Laws 1901, p. 149, sec. 25), made it a misdemeanor only to impersonate another at a caucus or primary election; and (b) because a felony cannot be created by implication.

The Primary Law of 1901 was repealed by the Primary Law of 1907. The Act of 1907, by the terms of sections 31 and 32, refers to general laws regarding elections, and applies all their provisions and penalties to the primary law. The reference to caucuses is superfluous so far as this case is concerned, inasmuch as there was no general law governing caucuses or

primary elections other than this law of 1907, which repealed prior laws on the subject.

It is contended that the provisions of section 4442 cannot be made applicable to primary elections by the reference thereto in said sections 31 and 32 of the Act of 1907. Defendant's counsel cite no authority to sustain his claim in this regard. Reference statutes are of frequent use to avoid encumbering the statute books by unnecessary repetition. [Sec. 11646, R. S. 1909; Quinlan v. H. & T. Ry. Co., 89 Texas l. c. 371.] "Whenever an act of the Legislature confers powers which are recited in another act, the act to which reference is made is to be considered and treated as if it were incorporated into and made a part of the act which contains the reference." [Turney v. Wilson, 36 Ill. l. c. 393.] While such statutes generally apply more particularly to modes of procedure, we can perceive no reason why they should not apply to offenses which are germane to the subject of the act. There is no reason why provisions essential to make the act effective should not be incorporated by reference to the other statutes dealing with the same general subject. This question has lately been considered by this court in State ex rel. v. Taylor, 220 Mo. 618, which case arose under this same primary law of 1907. One Von Stade, a judge of election, was prosecuted under section 4429, Revised Statutes 1909, for making a false return of ballots cast at this August 4th primary, 1908. Section 4429 has been in force since 1877, and is a general law applying to elections. Judge Taylor, of the St. Louis Court of Criminal Correction, wherein the Von Stade case was pending, ordered the production of the ballot box in court for use by the State in the trial. Application was made to this court for a writ of prohibition against this order. It was urged by the relator that there was no authority for opening the ballot boxes, and referred to the rulings of this court in Ex parte Arnold, 128 Mo. 256; State ex rel. v.

Spencer, 164 Mo. 23, and subsequent cases. The defendant contended that the primary election was not an "election" within the meaning of section 3, article 8, of the Constitution.

This court, speaking through GANTT, J., held that while section 3 of article 8 of the Constitution refers to elections for office, and not to primaries, still the Legislature had power to enact section 32 of the Act of 1907, and that this section means "that there should be no legal difference between the manner of counting the ballots and making returns thereof for State and county and city officers under the statutes of this State and the primary for nominating candidates as provided by the Primary Act of 1907;" and further (l. c. 633) "in our opinion section 2116 (4429, R. S. 1909) is applicable to frauds by judges and clerks of such primary."

In line with the above ruling, we hold that section 4442 is applicable to primary elections.

II. The Act of 1907, under consideration, is entitled, "An act to provide for party nominations by direct vote." The caption of the act is "Elections, Primary."

This title clearly expresses the subject of the act, and under this title the body of the act may contain all provisions germane to the subject of primary elections, and necessary to make the act effective.

Numerous laws have been enacted by our Legislature defining offenses and penalties necessary to make the enactment effective, but not mentioned in the title. We have recognized the proposition that under a title indicating the general nature and subject, the body of the act may define, and provide punishment for, offenses in violation of the act. In State ex rel. v. Mercantile Co., 184 Mo. l. c. 183, this court said: "The title of the act is a fair index to the act. The matters not specified in the title are mere matters

of detail, or administration or punishment, and are therefore sufficiently covered by the title." See, also, State v. Whitaker, 160 Mo. 59, and State v. Hamlett, 212 Mo. 80.

This ruling is in harmony with the decisions in other States. In Indiana it is said, speaking of a penalty provided in the body of an act, but not mentioned in the title: "The Constitution is satisfied if the constituent means embraced in the body of the act have a proper relation to each other and to the subject expressed in the title and are consistent in tending to carry forward and accomplish the general purpose indicated by the title and intended by the legislation. . . . No act of the Legislature can be made effective without some reasonable provision for its enforcement." [Republic Iron & Steel Co. v. State, 160 Ind. 379.]

In Illinois "an act to protect associations, unions of working men and persons in their labels, trade marks and forms of advertising" was held sufficient where the body of the act provided punishment for violating the act. The court said: "When the general purpose is declared in the title, the means for its accomplishment provided in the act will be presumed to be intended as a necessary incident." [Cohn v. People, 149 Ill. 486.]

In Michigan a convict in the penitentiary was convicted of a deadly assault within the prison, under the provisions of "an act to revise and consolidate the laws relative to the state prison, to the state house of correction and branch of the state prison in the Upper Peninsula, and to the house of correction and reformatory at Ionia and the government and discipline thereof, and to repeal all acts inconsistent therewith." It was held that this title was broad enough to cover a section in the act defining and punishing a felony committed by a convict. [People v. Huntley, 112 Mich. 569.]

Experience has shown that in order to preserve the integrity of elections. it is necessary to provide penalties for offenses against the ballot, and that no election law can be made effective without provisions defining and punishing offenses committed at the polls. Whenever a general law on the subject is passed, such law must be presumed to contain the means to make it effective.

There is no question here of defendant's guilt. He was fairly tried, and the judgment is affirmed.

*Kennish, P. J.,* and *Brown, J.,* concur.