## Ellis Saleh v. The State.

### No. 6589. Decided March 22, 1922.

**1.—Sunday Law—Milk Chocolate—Definition of Law.**

Where, upon trial of a violation of the Sunday law, under article 302, P. C., the evidence showed that the defendant, at about ten or eleven o'clock on Sunday forenoon, sold to the purchaser a glass of milk chocolate, the defendant being in the confectionery business, and it was shown that the purchaser did not buy the milk chocolate for a beverage but for a food, and so used it, the same being made of about five ounces of pure milk and one ounce of pure chocolate, the same was not a violation of the law. Following Searcy v. State, 40 Texas Crim. Rep., 460.

**2.—Same—Legislative Intent—Exemptions—Statutes Construed.**

It is apparent that the purpose of the Legislature was to exempt the articles sold and not the seller by reason of the character of business he might be engaged in, and under the exemption of article 303, it was no offense to sell milk in any quantity by anybody, and the chocolate used being the same kind used by housewives for cooking and by restaurant and hotel keepers, there was no offense under the facts.

Appeal from the County Court of Smith. Tried below before the Honorable D. R. Pendleton.

Appeal from a violation of the Sunday Law; penalty, a fine of $20.

The opinion states the case.

*Brady & Gentry,* for appellant.—Cited Savage v. State, 88 S. W. Rep., 351; Grimes v. State, 200 id., 378; George v. State, 234 id., 87.

*R. G. Storey,* Assistant Attorney General, and *Butler, Price & Manor,* for the State.—Cited Ex Parte Kennedy, 58 S. W. Rep., 129.

HAWKINS, Judge.—Conviction is for violation of the Sunday law. Punishment assessed at a fine of twenty dollars.

Appellant was charged with being a merchant and as such selling to one Storey a milk chocolate on Sunday.

The State proved by the chief of police that about ten or eleven o'clock on the Sunday morning in question he saw appellant sell to said Storey a glass of milk chocolate. Appellant was not a keeper of a hotel, restaurant or boarding house. He was in the cold drink stand and confectionery business and sold in connection therewith ice cream. Storey testified that on the Sunday in question he got up late and missed his breakfast and went into appellant's place of business and told him he had not had breakfast and wanted a glass of milk chocolate. He testified that for years it had been his habit to drink a glass of milk chocolate for his breakfast, especially so when he had been up late the night before and had missed his breakfast

time. He said he did not buy the milk chocolate for a beverage but for food, and so used it; that the milk chocolate was made of about five ounces of pure milk and about one ounce of pure chocolate; that the chocolate used was not a flavor or extract, but was a food and was universally used as such. Appellant testified to practically the same effect as did Storey. Another witness testified that he was in the restaurant business and was familiar with the kind of milk chocolate served by appellant; that it was the same kind served by him to his customers whenever called for by them. He testified that a milk chocolate was a food and not a beverage. Article 302, P. C. (old Article 199) provides that any merchant who shall sell on Sunday shall be fined not less that twenty nor more than fifty dollars. Article 303 provides that the preceding article shall not apply to markets or dealers in provisions as to the sale of provisions made by them before nine o'clock A. M., nor to the sale (among other things) of milk, nor to keepers of drug stores, hotels, boarding houses, restaurants, etc.

The articles in question, as construed by this court in Searcy v. State, 40 Texas Crim. Rep. 460; 51 S. W. Rep. 1119, are not intended to exempt restaurant keepers, hotel keepers and keepers of drug stores in the transaction of all business which might be engaged in by them in connection with their general occupation; but is intended to exempt hotel keepers and restaurant keepers in the sale of food to the public, and druggists in the sale of drugs and medicines. It is apparent that the purpose of the Legislature was to exempt the articles sold and not the seller by reason of the character of business he might be engaged in. Under the exemption of Article 303 it is no offense to sell milk in any quantity by anybody, and if appellant can be held guilty under the facts it is because he mingled with the milk a small quantity of chocolate. The evidence shows that the chocolate used was the same kind used by housewives for cooking and by restaurant and hotel keepers. We quote from the American Educator, Volume 2, page 810, 1920 Edition, as follows: "Chocolate has a certain stimulating effect and is far superior to tea and coffee as a food. Chocolate is rich in fat and is wholesome and nutritious if eaten in moderate quantities." It is scarcely necessary for us to consume the time and space to quote from other authorities on the food value of chocolate. We regard it as an established fact without the necessity of further comment.

The chief of police stated only the fact that he had seen appellant sell to Storey a glass of milk chocolate. The defense testimony established beyond question that it was purchased and sold not as a beverage, but as food. If Storey had elected to go into a restaurant or cafe and order a milk chocolate of exactly the same kind and character that he purchased from appellant there would have been no semblance of an offense. If the court was right in the construction

of the statute in question in the Searcy case that the condemnation of the law is directed not so much at the party selling as at the article sold, we are unable to escape the conclusion that the facts in this case show no offense against the law. The only question presented for our consideration is the sufficiency of the evidence to support the conviction.

Believing the same to be totally insufficient the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*