PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ANDRÉS. LOMBA ET AL., Defendants and Appellants.

No. 4560. Argued November 24, 1931.—Decided January 13, 1933.

*Armando A. Miranda* for appellants. *E. Díaz Viera* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Section 1 of "An Act providing punishment for the adulteration of milk and for other purposes," Laws of 1925, p. 558, provides that "every person using milk adulterated or diluted for industrial purposes, when such milk is to be used in the preparation of food for human consumption, shall be guilty of misdemeanor." The information herein charges that defendants were using adulterated milk in the preparation and sale of "Lindberghs" for human consumption. It is not necessary in order to charge an offense, that the information should follow the wording of the statute. That defendants were using the milk in question for industrial purposes sufficiently appears from the charge that they were using it in the making of "Lindberghs." The milk used by defendants had been diluted by the addition of 22 per cent of water. It was then sweetened with sugar, flavored with vanilla, and after freezing, sold in small cubes known to the public as "Lindberghs" or cream cubes. The cubes so made were food. See 26 C.J., section 1, page 750; 11 R.C.L., section

15, page 1108; *Com.* v. *Pflaum,* Ann. Cas. 1913 E 1287; *Harkey* v. *State,* 17 A.L.R. 1276; and *Saleh* v. *State,* 21 A.L.R. 752.

It may be conceded that cases may arise which will come within the letter but not within the spirit nor within the purpose of the statute. Standard recipes for the preparation of certain foods may require the addition of other liquid ingredients to milk in such proportions that the resulting mixture would not contain the statutory percentage of butter fat. We well might hesitate to sustain the conviction based upon the use of milk diluted in this way. That is not the instant case.

Here, the contention is that diluted milk freezes more readily and rapidly and melts more slowly in the hand or mouth than undiluted milk, that the public prefers a "cream cube" made of diluted milk and that there is more profit in the making and selling of such cubes than in the making and selling of cubes made of milk which measures up to the statutory standard. It is not pretended that milk of standard quality will not freeze, nor that the freezing of such milk is commercially impracticable, nor that cubes so made would be unmarketable. There is nothing to show that the use of water is the only method by which milk may be made to freeze more readily and the manufactured product to dissolve more slowly or that the same result cannot be accomplished by the admixture of any other harmless, palatable and wholesome ingredient without the necessity of diluting the milk. The final statement made by one of the defendants on re-direct examination, after cross-examination by the district judge as well as by the district attorney, that the public prefers cubes made of diluted milk because of the slowness with which they dissolve may or may not be true. The testimony of this witness may serve to explain but cannot alter the fact that defendants were using diluted milk in the preparation of food for human consumption.

The judgment appealed from must be affirmed.