EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANDRÉS LOMBA y ANTONIO MIRANDA, acusados y apelantes.

No. 4560.—*Sometido:* Noviembre 24, 1931. *Resuelto:* Enero 13, 1933.

*Armando A. Miranda,* abogado de los apelantes; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La sección primera de la "Ley proveyendo lo necesario para castigar la adulteración de leche y para otros fines," Leyes de 1925, pág. 559, dispone que "Toda persona que usare leche adulterada o diluída para fines industriales, cuando se destina a la preparación de alimentos para el consumo humano, será culpable de delito menos grave (*misdemeanor*)." La acusación en este caso alega que los acusados usaban leche adulterada en la preparación y venta de "Lindberghs" para el consumo humano. No es necesario que la acusación siga la fraseología del estatuto para que pueda imputar un delito. Que los acusados usaban la leche referida para fines industriales, aparece suficientemente de la imputación de que la utilizaban en la preparación de "Lindberghs." La leche usada por los acusados había sido diluída mediante la adición de 22 por ciento de agua. Entonces se le agregó azúcar para endulzarla y vainilla para darle sabor, y ya congelada, fué vendida en pequeños cubos que el público conoce como "Lindberghs" o "cuadritos de crema." Esos cubos eran alimentos. Véase 26 C. J. sección primera, pág. 750; 11 R.C.L. Sección 15, pág. 1108; *Com.* v. *Pflaum,* Ann. Cas. 1913E 1287; *Harkey* v. *State,* 17 A.L.R. 1276, y *Saleh* v. *State,* 21 A.L.R. 752.

Podríamos admitir que pueden surgir casos que estén dentro de la letra del estatuto, aunque no dentro de su espíritu y finalidad. Recetas "standard" para la preparación de ciertos alimentos pueden requerir la adición de otros ingredientes líquidos a la leche en proporciones tales que la mezcla resultante no contenga el tanto por ciento estatutario de grasa láctea. Bien podríamos vacilar al sostener una

condena basada en el uso de leche diluída en esa forma. No es ése el presente caso.

Aquí la contención es que la leche diluída se congela más fácil y rápidamente y se derrite más despacio en la mano o la boca que la leche sin diluir, que el público prefiere un "cuadrito de crema" hecho de leche diluída, y que hay mayores beneficios en la fabricación y venta de esos cubos que en las de los preparados con leche que se ajusta al grado legal. No se ha intentado alegar que la leche de calidad (*standard*) no se congela, ni que la congelación de esa leche es comercialmente impracticable, ni que los cubos así hechos no tienen aceptación en el mercado. Nada hay que demuestre que el uso de agua es el único medio por el que puede conseguirse que la leche se congele más fácilmente y que el producto preparado se disuelva más despacio, o que el mismo resultado no puede lograrse por la adición de cualquier otro ingrediente inofensivo, agradable al paladar y sano, sin necesidad de diluir la leche. La aseveración final hecha por uno de los acusados en el interrogatorio redirecto, después de ser repreguntado por el juez de distrito y por el fiscal, al efecto de que el público prefiere los cubos preparados con leche diluída porque se disuelven más despacio, puede o no ser verdad. La declaración de este testigo puede servir para explicar, mas no para variar, el hecho de que los acusados usaban leche diluída en la preparación de alimentos para el consumo humano.

*Debe confirmarse la sentencia apelada.*