EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR PÉREZ, acusado y apelante.

Núm. 8488.—*Sometido:* Marzo 14, 1941. *Resuelto:* Marzo 17, 1941.

*J. Valldejuli Rodríguez,* abogado del apelante; *Hon. Procurador General George. A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Ramón y Víctor Pérez fueron acusados de un delito de adulteración de leche, consistente en tener para la venta, con el fin de dedicarla al consumo humano, leche de vaca adulterada con agua añadida artificialmente. Ramón Pérez fué absuelto, y contra la sentencia que condenó a Víctor Pérez a pagar $25 de multa o en su defecto a cumplir un día de cárcel por cada dólar que dejare de satisfacer, más las costas, se interpuso el presente recurso de apelación.

La evidencia fué contradictoria. La de el Pueblo tendió a demostrar que el 3 de mayo de 1939, como a las

9:15 de la mañana, el Inspector de Sanidad Luz Méndez Serrano fué a un restaurante que en Arecibo poseen Ramón y Víctor Pérez, y de un porrón que contenía 15 litros de leche, que encontró en la nevera del establecimiento, tomó una muestra que resultó adulterada, adulteración que aceptaron los acusados; que en el establecimiento se servía café con leche; que su dueño era Víctor Pérez, quien no estaba presente en aquella ocasión, y que el hermano de éste, Ramón, a cuyo nombre está la patente del establecimiento, le manifestó que él y Víctor eran socios.

La prueba de descargo consistió en las declaraciones de los acusados. Víctor declaró que es dueño del establecimiento y que su hermano Ramón trabaja con él. Que él, Víctor, estaba en el establecimiento cuando se presentó el Inspector Luz Méndez Serrano y le dijo que había tomado una muestra de una leche que acababan de entrar en el establecimiento, pidiéndole que firmara la notificación, a lo que se negó el testigo. Que cuando la muestra fué tomada, la leche no estaba todavía en la nevera; que una vez recibida la leche, la hierven y se consume en café para ellos y para la venta.

El coacusado Ramón Pérez declaró más o menos en los mismos términos, y admitió que la leche la usan para el café y también para "lindberghs", y que él es dependiente y no dueño del establecimiento.

En *rebuttal,* declaró Méndez Serrano que la muestra fué tomada de la leche que estaba en la nevera y que no hubo allí discusión alguna.

Víctor Pérez fué llamado nuevamente por la defensa, insistiendo en que la muestra fué tomada de un porrón que estaba en el suelo. No existe duda alguna de que se trata en este caso de un establecimiento público en el que se expende café con leche. El hecho de que la leche no fuese vendida sin mezclarse con café, no exonera de responsabilidad al acusado como dueño del establecimiento, cuando de la prueba resulta que la leche, antes de mezclarse con el café, había sido adul-

terada. El parroquiano que compra café con leche tiene el derecho a que la que se usa en el café sea pura. *Pueblo* v. *Blasco,* 33 D.P.R. 343; *Pueblo* v. *Lomba,* 44 D.P.R. 406.

No constituye defensa alguna el que en presencia del denunciante no se llevaran a efecto transacciones. Se trata, como hemos visto, de un establecimiento público cuyo negocio consiste en vender, entre otras cosas, café con leche para el consumo humano, y en tales circunstancias el hecho de tenerla para la venta en las condiciones en que se hallaba dicho producto es constitutivo de delito.

*No habiéndose cometido los errores señalados por el apelante, procede desestimar el recurso y confirmar la sentencia apelada.*