**Ex parte Charles R. WILSON.**

No. 36511.

Court of Criminal Appeals of Texas.

Jan. 15, 1964.

Norman McFarland, Sears & Burns, by Robert L. Burns, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and David Ball, Jr., Asst. Dist. Attys, Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding attacking as void the statutes under which the relator was convicted. Being in custody under capias pro fine or commitments, the relator's petition presented to this Court was ordered filed and set for hearing on the question of whether or not the writ should issue and bail was granted.

The two convictions were in County Criminal Court at Law No. 1 of Harris County upon appeal from convictions in the Corporation Court. The punishment assessed in each case was a fine of $35, hence the petitioner was without the right to appeal to this Court. Art. 53 Vernon's Ann.C.C.P.

The complaint in both cases alleged that the petitioner was the agent and employee of Mike Persia Chevrolet Corporation, a corporation which was then and there a merchant and trader.

In Cause No. 181,137 the charge was that the petitioner, while acting as such agent and employee, offered automobiles for sale on two consecutive days of Saturday and Sunday, June 22, 1963 and June 23, 1963.

This conviction was for violation of an Act of the 57th Legislature (1961) First Called Session, page 38, Ch. 15, which is designated and will be herein referred to as Art. 286a Vernon's Ann.P.C.

The conviction in Cause No. 181,140 was for violation of Art. 286 Vernon's Ann. P.C. The complaint charged that while acting as such agent and employee the petitioner herein permitted the place of business of said corporation to be open for the purpose of traffic on Sunday, June 9, 1963.

It is the contention of the petitioner that both Art. 286 and 286a Vernon's Ann.P.C. are void.

Art. 286a Vernon's Ann.P.C., including the caption, reads:

"An Act to prohibit the sale or offer of sale, on both the two

(2) consecutive days of Saturday and Sunday, or the compelling, forcing, or obliging of employees to sell certain named items; providing exemptions; declaring violation to be a nuisance and authorizing persons to apply and obtain injunctions restraining violations of this Act; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. Any person, on both the two (2) consecutive days of Saturday and Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell any clothing; clothing accessories; wearing apparel; footwear; headwear; home, business, office or outdoor furniture; kitchenware; kitchen utensils; china; home appliances; stoves; refrigerators; air conditioners; electric fans; radios; television sets; washing machines; driers; cameras; hardware; tools, excluding non-power driven hand tools; jewelry; precious or semi-precious stones; silverware; watches; clocks; luggage; motor vehicles; musical instruments; recordings; toys, excluding items customarily sold as novelties and souvenirs; mattresses; bed coverings; household linens; floor coverings; lamps; draperies; blinds; curtains; mirrors; lawn mowers or cloth piece goods shall be guilty of a misdemeanor. Each separate sale shall constitute a separate offense.

"Sec. 2. Nothing herein shall apply to any sale or sales for charitable purposes or to items used for funeral or burial purposes or to items sold as a

part of or in conjunction with the sale of real property.

"Sec. 3. For the first offense under this Act, the punishment shall be by fine of not more than One Hundred Dollars ($100.00). If it is shown upon the trial of a case involving a violation of this Act that defendant has been once before convicted of the same offense, he shall on his second conviction and on all subsequent convictions be punished by imprisonment in jail not exceeding six (6) months or by a fine of not more than Five Hundred Dollars ($500.00), or both.

"Sec. 4. The purpose of this Act being to promote the health, recreation and welfare of the people of this state, the operation of any business whether by any individual, partnership or corporation contrary to the provisions of this Act is declared to be a public nuisance and any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of this Act. Such proceedings shall be guided by the rules of other injunction proceedings.

"Sec. 4a. When a purchaser will certify in writing that a purchase of an item of personal property is needed as an emergency for the welfare, health or safety of human or animal life and such purchase is an emergency purchase to protect the health, welfare or safety of human or animal life, then this Act shall not apply; provided such certification signed by the purchaser is retained by the merchant for proper inspection for a period of one (1) year.

"Sec. 5. Occasional sales of any item named herein by a person not engaged in the business of selling such item shall be exempt from this Act.

"Sec. 5a. It is the intent of the Legislature that Articles 286 and 287 of the Penal Code of Texas are not to be considered as repealed by this Act;

provided, however, that the provisions of said Articles shall not apply to sales of items listed in Section 1 of this Act which are forbidden to be sold on the day or days named in this Act.

"Sec. 6. The fact that there are not now adequate laws to prevent the selling of certain articles seven (7) consecutive days and the further fact that legislation is needed to prevent and punish such offense creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended; and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

The petitioner's first attack upon this statute is that the title or caption does not give notice that the Act contains a criminal penalty and that it affirmatively manifests that it does not provide a penalty.

■ A liberal construction will be indulged to uphold the title of an Act of the Legislature. Brown v. State, 57 Tex.Cr.R. 269, 122 S.W. 565; Davis v. State, 88 Tex.Cr.R. 183, 225 S.W. 532; McCarthy v. State, 153 Tex.Cr.R. 149, 218 S.W.2d 190.

■ All provisions germane and incidental to, auxiliary of, having a mutual connection, or that in any way tend to effectuate the general purpose and scope of an Act are held to be comprehended thereby; and an Act with the phrase "An Act to prohibit" preceding the main subject as expressed in the caption is sufficient to embrace a provision in the body of the Act penalizing persons violating it and such is not obnoxious to the Texas Constitution. See English v. State, 7 Tex.App. 171, cited in Albrecht v. State, 8 Tex.App. 216; and in Floeck v. State, 34 Tex.Cr.R. 314, 30 S.W. 794, which notes that no penalty was indicated specially in the caption construed in the Albrecht case. Ex parte Mabry, 5 Tex.App. 93; Johnson v. Martin et al., 75

Tex. 33, 12 S.W. 321; Texas Cent. R. Co. et al., v. Hannay-Frerichs & Co., Tex.Civ. App., 130 S.W. 250 at 253; Italia America Shipping Corporation v. Nelson, 323 Ill. 427, 154 N.E. 198 at 200; James v. State, 124 Ga. 72, 52 S.E. 295; Beauvoir Club v. State, 148 Ala. 643, 42 So. 1040; State v. Peyton, 234 Mo. 517, 137 S.W. 979; State v. Merchant, 48 Wash. 69, 92 P. 890. (See Ex parte Abrams, 56 Tex.Cr.R. 465, 120 S.W. 883; Mercer v. State, 111 Tex. Cr.R. 657, 13 S.W.2d 689; Mosier v. State, 90 Tex.Cr.R. 136, 234 S.W. 225; Watts v. State, 61 Tex.Cr.R. 364, 135 S.W. 585.)

Petitioner contends, however, that the declaration in the title that a violation is a public nuisance subject to injunction affirmatively manifests that the body of the Act did not contain a penal provision and that injunction and not a fine or imprisonment was the penalty. He cites in support of such contention Rotner v. State, 122 Tex.Cr.R. 309, 55 S.W.2d 98, where the penalty was changed in the body of the act amending Art. 1316, though the title gave notice that it was an act to amend said Article "further defining the offense of an attempt to commit arson."

He also cites Gilbert v. State, 122 Tex. Cr.R. 542, 56 S.W.2d 880, where the penalty was changed without any notice of intention to do so in the caption. Also the petitioner cites the recent case of Ex parte Meyer, 172 Tex.Cr.R. 403, 357 S.W.2d 754.

The writer did not concur in the holding that the caption to the Election Code "affirmatively suggests that it contains no penal provision." However, in the title to the Election Code there was no recital that any act or conduct was to be prohibited, and the caption stated that the act was not to be construed as repealing or in any way affecting the legality of any penal provision of existing law.

■ We do not agree with the petitioner's contention that because of the reference therein to injunction the caption manifests that the Act did not prescribe a penal offense or that the authorities cited support such contention.

The second point of attack upon Art. 286a Vernon's Ann.P.C. is bottomed upon the allegation of the complaint that the petitioner herein acted as agent or employee of a corporation in offering automobiles for sale on Saturday June 22 and Sunday June 23, and the fourth point is that there was no evidence that the petitioner committed the act prohibited by the statute.

■■ Neither of these grounds of attack is sustained. They relate to the form of the complaint and the sufficiency of the evidence respectively, neither of which is ground for attack upon the legality of the confinement of the petitioner by habeas corpus. See Ex parte Vaughan, 93 Tex. Cr.R. 112, 246 S.W. 373; Ex parte Sanders, 169 Tex.Cr.R. 107, 332 S.W.2d 332.

Point three attacks Art. 286a as so vague and indefinitely framed and of such doubtful construction that it cannot be understood, either from the language in which it is expressed or from any other written law of this state.

This contention is predicated for the most part upon Section 5a of Art. 286a wherein the Legislature stated that it was their intent that Articles 286 and 287 of the Penal Code of Texas *are not to be considered as repealed* but that the provisions of Art. 286 and 287 "*shall not apply to sales of items listed in Section 1 which are forbidden to be sold on the day or days named in this Act.*"

Art. 286, omitting the portion which relates to places of public amusement, provides:

"Any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, * * * or the agent or employe of any such person, who shall sell, barter, or permit his place of business * * * to be open for the purpose of traffic * * * on Sunday, shall be fined not less than twenty nor more than fifty dollars."

Omitting the provisions relating to motion picture shows and theaters added by the 1931 amendment, Art. 287 Vernon's Ann.P.C. provides:

"The preceding article shall not apply to markets or dealers in provisions as to sales of provisions made by them before 9 o'clock a. m., nor to the sales of burial or shrouding material, newspapers, ice, ice cream, milk, nor to the sending of telegraph or telephone messages at any hour of the day nor to keepers of drug stores, hotels, boarding houses, restaurants, livery stables, bath houses, or ice dealers, nor to telegraph or telephone offices, nor to sales of gasoline or other motor fuel, nor to vehicle lubricants."

In the early case of Searcy v. State, 40 Tex.Cr.R. 460, 50 S.W. 699, 51 S.W. 1119, 53 S.W. 344, this Court, in upholding the constitutionality of the statute which is now Art. 286, construed the provision of what is now Art. 287 (which exempts keepers of drug stores) as an exemption in favor of *the articles* sold, and not a personal exemption in favor of the *person who deals* in such articles.

In Saleh v. State, 91 Tex.Cr.R. 316, 239 S.W. 207, 21 A.L.R. 752, a merchant in the cold drink and confectionary business and who sold ice cream was convicted for selling a glass of milk chocolate.

In reversing the conviction the Court said:

"The articles in question, as construed by this court in Searcy v. State, 40 Tex.Cr.R. 460, 50 S.W. 699, 51 S.W. 1119, 53 S.W. 344, are not intended to exempt restaurant keepers, hotel keepers, and keepers of drug stores in the transaction of all business which might be engaged in by them in connection with their general occupation, but is intended to exempt hotel keepers and restaurant keepers in the sale of food to the public, and druggists in the sale of drugs and medicines."

The effect of Art. 286a was to exempt the sale of the items listed in Section 1 from the provisions of Art. 286 in the same manner that the sale of other articles had been exempted by Art. 287 Vernon's Ann.P.C., and to make it unlawful to sell or offer to sell any of the items listed in Section 1 on Sunday only if such items were sold or offered for sale on the previous day (Saturday).

As to the sale of any merchandise not listed in Section 1 of Art. 286a, or some other statute, Art. 286 has not been repealed.

(It is interesting to note that the 58th Legislature in 1963 passed an act that has also been designated as Art. 286a Vernon's Ann.P.C. (Acts 1963, p. 95, Ch. 55) which provides that the provisions of Art. 286 Vernon's Ann.P.C. shall not be applicable to bowling alleys.)

We find no merit in the view that Art. 286 makes it unlawful for a dealer in merchandise that may be lawfully sold on Sunday, to permit his place of business to be open on Sunday for the purpose of making such sales. We are cited to no authority and know of none that would support such a holding.

We conclude that petitioner's conviction under Article 286 Vernon's Ann.P. C. in Cause No. 181,140 for permitting his place of business for the sale of automobiles to be open for traffic on Sunday June 9, 1963, is void, the sale of motor vehicles being excepted from the provisions of Art. 286 Vernon's Ann.P.C., under which conviction was obtained, by Art. 286a Vernon's Ann.P.C.

Our construction of Section 5a of Article 286a, as to its effect upon Art. 286, we think answers the attack upon Art. 286a as being too indefinite and uncertain. We conclude that the petitioner is lawfully restrained under the commitment or capias pro fine in Cause No. 181,137 in which he was charged with violating Art. 286a

Vernon's Ann.P.C. in offering motor vehicles for sale on Saturday June 22 and Sunday June 23.

The petition for writ of habeas corpus is denied.