ED MOSIER v. THE STATE.

No. 6024.    Decided October 5, 1921.

1.—Motor Vehicle—Public Highway—Constitutionality of Law—Motion for New Trial.

Where, in his amended motion for a new trial, appellant for the first time set up the unconstitutionality of Section 18, Chapter 207, Acts of Regular Session, Thirty-fifth Legislature, held: this should have properly been presented by motion to quash.

2.—Same—Constitutional Law—Title of Act.

Where, upon trial of a violation of the provisions of Section 18, of Chapter 207, Acts of Regular Session, Thirty-fifth Legislature, appellant con-

tended that the title to the Act in question embraced more than one subject, and was therefore unconstitutional; held, that under the liberal construction, construing Section 35, of Article 3, of the Constitution of Texas, this contention is untenable.

**3.—Same—Indictment—Services of a Physician—Pleading.**

Where appellant contended in his motion, in arrest of judgment, that the indictment was fatally defective, in that it failed to allege that the injured party needed or requested the services of a physician, or that same were necessary, or that she asked for such services, but the record showed that these allegations were contained in the indictment substantially, there was no reversible error.

**4.—Same—Misspelling—Indictment—Words and Phrases—Matter of Form.**

Mere matters of bad spelling, etc., do not ordinarily affect the indictment, and the motion being addressed to the form of said indictment must in any event be raised by motion to quash, and cannot be urged after verdict.

**5.—Same—Charge of Court—Bill of Exceptions.**

Objections to the charge of the court cannot be considered on appeal, where the same were made for the first time in motion for new trial.

**6.—Same—Punishment—Statutes Construed.**

Where the statutes showed that the punishment is fixed at confinement in the penitentiary for some term not to exceed five years, or by imprisonment in the county jail, for some term not to exceed one year, or by a fine not to exceed five thousand dollars, or by both such fine and imprisonment, an attack upon its validity was properly overruled. Following Scott v. State, 90 Texas Crim. Rep. 100.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction under Section 18, Chapter 207, Acts of Regular Session, Thirty-fifth Legislature, for failing to render assistance after automobile accident; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Harry M. Myers,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of a violation of the provisions of Section 18 of Chapter 207, Acts Regular Session Thirty-fifth Legislature, making it an offense to fail to stop and render necessary assistance to one struck by an automobile operated by accused, and his punishment fixed at three years in the penitentiary.

In his amended motion for new trial appellant, for the first time, set up the unconstitutionality of the law under which this prosecution was had. This should have been properly presented by motion to quash. Article 837 of Vernon's C. C. P. provides the only grounds for a mo-

tion for new trial, and distinctly states that for said grounds and for no other will a new trial be granted. There was no motion to quash the indictment in this case, nor any motion in arrest of judgment based on the invalidity of this law. Appellant's contention, however, is that the title to the Act in question embraces more than one subject and is therefore obnoxious to our Constitution. He cites no authority and presents no reasons for his position further than the statement of his contention. Considering same as if the matter was properly before us, we hold the contention unsound. Under the liberal construction given by our Constitution to this character of questions and especially in construing Section 35 of Article 3 of our Constitution, all subjects incidental to, auxiliary of, or that in any way tend to effectuate the general purpose and scope of a bill, are held to be comprehended thereby; and we would hold that a bill whose purpose as stated in its caption was to regulate the use and operation of automobiles on the public highways, which contained a provision penalizing persons operating an automobile, who struck and injured other persons, and then failed to stop and render the assistance pointed out, in the terms of the Section in question, was not obnoxious to our Constitution which forbids the passage of bills by our Legislature which embrace more than one subject.

Appellant contended in his motion in arrest of judgment that the indictment was fatally defective in that it fails to allege that the injured party needed or requested the services of a physician, or that same were necessary, or that she asked for such services. The charging part of the indictment is as follows: "Ed Mosier, being the driver of and in control of an automobile and while operating and controlling said automobile did strike Hazel Woods with said automobile so driven then and there by said defendant, and did then and there thereby and therewith injure and wound the said Hazel Woods, and the said defendant did then and there fail to stop and render to the said Hazel Woods, the person so struck, injured and wounded as aforesaid all necessary assistance in this, to-wit: the said defendant did then and there fail to carry the said Hazel Woods, the person so struck, injured and wounded to a physician and surgeon for medical and surgical treatment required by reason of the said injury and wounds received by the said Hazel Woods by then and there being struck by the said automobile so driven by and in control of the said defendant." It will be observed that this alleges that appellant struck Hazel Woods, that he failed to stop and render . . . necessary assistance to her in said particulars which are named and stated to be required by reason of her injury. The language of Section 18 of said Chapter 207 makes the accused guilty if he fails to stop and render necessary assistance to a person struck by the automobile which he is operating, and especially includes as part of said assistance, the carrying of such person to a physician or surgeon for treatment if such treatment be required or if same be re-

quested. We think the contention of the appellant in this regard unsound.

Appellant raised the matter of the mis-spelling of two words in the indictment for the first time in his motion in arrest of judgment. Mere matters of bad spelling, etc., do not ordinarily affect the indictment, but being addressed to the form of said instrument, must in any event be raised by motion to quash, and can not be brought forward for the first time after verdict.

Complaint is made of certain matters in the charge of the trial court, but an examination of the record shows that no exceptions were taken to said charge before it was read to the jury, and in this condition of the record we can not consider objections to the charge presented for the first time in motion for new trial.

Appellant also attacks the validity of the law upon the ground that the punishment fixed is vague and indefinite. An inspection of the statutes shows that the punishment is fixed at confinement in the penitentiary for some term not to exceed five years, or by imprisonment in the county jail for some term not to exceed one year, or by a fine not to exceed five thousand dollars, or by both such fine and imprisonment. As we construe appellant's contention it resolves itself into a question of whether or not one may be punished by confinement either in the penitentiary or else the county jail, and also suffer a fine. It would be unusual to send one to the penitentiary and also fine him, but we know of no constitutional reason why the same might not be done if the legislature saw fit. The law is upheld in Scott v. State, 90 Texas Crim. Rep., 100; this day decided.

This disposes of the contentions made by appellant in this court, and finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*