## MOSIER v. STATE.   (No. 6024.)

(Court of Criminal Appeals of Texas. Oct. 5, 1921.)

**1. Criminal law &#x6ED2;912½—Constitutionality of statute should be presented by motion to quash indictment.**

Under Vernon's Ann. Code Cr. Proc. 1916, art. 837, the question of the constitutionality of the statute under which defendant is being prosecuted cannot be raised for the first time on motion for new trial, but should be presented by motion to quash indictment.

**2. Statutes &#x6ED2;105(1)—Provision, prohibiting bill from embracing more than one subject to be expressed in its title, liberally construed.**

Const. art. 3, § 35, providing that no bill except general appropriation bills shall contain more than one subject which shall be expressed in its title, will be liberally construed, and all subjects incidental to, auxiliary of, or tending in any way to effectuate the general purpose and scope of a bill, will be held to be comprehended thereby.

**3. Statutes &#x6ED2;107(3)—Act regulating automobiles held not to embrace more than one subject, because of section penalizing drivers.**

Acts 35th Leg. (1917) c. 207, whose purpose, as stated in its caption, is to regulate the use and operation of automobiles on the public highways, does not, because it contains a provision (section 18) penalizing drivers who strike and injure others and fail to stop and assist them, embrace more than one subject in violation of Const. art. 3, § 35.

**4. Highways &#x6ED2;186—Indictment for failure to stop and assist one struck by an automobile need not allege he needed or requested physician's services.**

An indictment under Acts 35th Leg. (1917) c. 207, § 18, charging a driver with failure to stop and render necessary assistance to a person struck by his automobile, need not allege the person injured needed or requested the services of a physician.

**5. Indictment and information &#x6ED2;202(5)—Bad spelling not available after verdict.**

Mere matters of bad spelling, etc., do not ordinarily affect the indictment, but, being matters of form, must, in any event, be raised by motion to quash, and cannot be brought forward for the first time after verdict.

**6. Criminal law &#x6ED2;1056(1) — Charge not excepted to before read to jury, but presented for first time in motion for new trial, not considered on appeal.**

Charge not excepted to before read to jury, but objected to for the first time in motion for new trial, cannot be considered on appeal.

**7. Criminal law &#x6ED2;1208(1)—Statute may provide for confinement either in penitentiary or in county jail.**

Acts 35th Leg. (1917) c. 207, § 18, making automobile driver's failure to stop and render necessary assistance to one struck by his automobile unlawful, *held* not void by reason of fact that it provides for punishment by confinement either in the penitentiary or in the county jail.

Appeal from Criminal District Court, Tarrant County; Geo. E. Hosey, Judge.

Ed Mosier was convicted of failing to stop and render necessary assistance to one struck by an automobile operated by him, and he appeals. Affirmed.

Harry M. Myers, of Fort Worth, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the criminal district court of Tarrant county of a violation of the provisions of section 18 of chapter 207, Acts Regular Session Thirty-Fifth, Legislature, making it an offense to fail to stop and render necessary assistance to one struck by an automobile operated by accused, and his punishment fixed at three years in the penitentiary.

[1-3] In his amended motion for new

trial appellant, for the first time, set up the unconstitutionality of the law under which this prosecution was had. This should have been properly presented by motion to quash. Article 837 of Vernon's C. C. P. provides the only grounds for a motion for new trial. and distinctly states that for said grounds and for no other will a new trial be granted. There was no motion to quash the indictment in this case, nor any motion in arrest of judgment based on the invalidity of this law. Appellant's contention, however, is that the title to the act in question embraces more than one subject and is therefore obnoxious to our Constitution. He cites no authority and presents no reasons for his position further than the statement of his contention. Considering same as if the matter was properly before us, we hold the contention unsound. Under the liberal construction given by our Constitution to this character of questions, and especially in construing section 35 of article 3 of our Constitution, all subjects incidental to, auxiliary of, or that in any way tend to effectuate the general purpose and scope of a bill are held to be comprehended thereby; and we would hold that a bill whose purpose as stated in its caption was to regulate the use and operation of automobiles on the public highways, which contained a provision penalizing persons operating an automobile, who struck and injured other persons, and then failed to stop and render the assistance pointed out, in the terms of the section in question, was not obnoxious to our Constitution, which forbids the passage of bills by our Legislature which embrace more than one subject.

[4] Appellant contended in his motion in arrest of judgment that the indictment was fatally defective, in that it fails to allege that the injured party needed or requested the services of a physician, or that same were necessary, or that she asked for such services. The charging part of the indictment is as follows:

"Ed Mosier, being the driver of and in control of an automobile and while operating and controlling said automobile, did strike Hazel Woods with said automobile so driven then and there by said defendant, and did then and there thereby and therewith injure and wound the said Hazel Woods, and the said defendant did then and there fail to stop and render to the said Hazel Woods, the person so struck, injured, and wounded as aforesaid, all necessary assistance in this, to wit, the said defendant did then and there fail to carry the said Hazel Woods, the person so struck, injured and wounded to a physician and surgeon for medical and surgical treatment required by reason of the said injury and wounds received by the said Hazel Woods by then and there being struck by the said automobile so driven by and in control of the said defendant."

It will be observed that this alleges that appellant struck Hazel Woods, that he failed to stop and render necessary assistance to her in said particulars which are named and stated to be required by reason of her injury. The language of section 18 of said chapter 207 makes the accused guilty if he fails to stop and render necessary assistance to a person struck by the automobile which he is operating, and especially includes, as part of said assistance, the carrying of such person to a physician or surgeon for treatment of such treatment be required, or if same be requested. We think the contention of the appellant in this regard unsound.

[5] Appellant raised the matter of the misspelling of two words in the indictment for the first time in his motion in arrest of judgment. Mere matters of bad spelling, etc., do not ordinarily affect the indictment, but, being addressed to the form of said instrument, must in any event, be raised by motion to quash, and cannot be brought forward for the first time after verdict.

[6] Complaint is made of certain matters in the charge of the trial court, but an examination of the record shows that no exceptions were taken to said charge before it was read to the jury, and in this condition of the record we cannot consider objections to the charge presented for the first time in motion for new trial.

[7] Appellant also attacks the validity of the law upon the ground that the punishment fixed is vague and indefinite. An inspection of the statutes shows that the punishment is fixed at confinement in the penitentiary for some term not to exceed five years, or by imprisonment in the county jail for some term not to exceed one year, or by a fine not to exceed $5,000, or by both such fine and imprisonment. As we construe appellant's contention it resolves itself into a question of whether or not one may be punished by confinement either in the penitentiary or else the county jail, and also suffer a fine. It would be unusual to send one to the penitentiary and also fine him, but we know of no constitutional reason why the same might not be done if the Legislature saw fit. The law is upheld in Scott v. State, 234 S. W. 1097, this day decided.

This disposes of the contentions made by appellant in this court, and, finding no reversible error in the record, the judgment will be affirmed.