### WEBB et al. v. SMITH.  (No. 402.)*

(Court of Civil Appeals of Texas. Waco. Nov. 4, 1926. Rehearing Denied Dec. 2, 1926.)

1. **Insurance** ⊙⟹539(1), 622(2)—**Requirement, in indemnity bond, of notice of loss within 90 days, and suit within 2 years, held invalid** (Rev. St. 1925, arts. 5545, 5546).

Provision in indemnity bond that notice of loss or defalcation must be given within 90 days, and suit filed within 2 years, *held* invalid, under Rev. St. 1925, arts. 5545 and 5546.

2. **Parties** ⊙⟹40(2)—**One appearing of record to have no interest in litigation may not intervene.**

Refusal to permit intervention *held* not error, where one seeking to intervene did not appear of record to have any interest in litigation.

3. **Appeal and error** ⊙⟹1175(5)—**Cause will not be reversed and rendered for insufficient testimony, unless fully developed evidence barred possibility of recovery.**

Court will not reverse and render a cause for insufficient testimony, unless the record shows that evidence has been fully developed, and plaintiff could under no phase of case recover.

**4. Evidence ⊂⇒129(5)—In suit on bond covering embezzlement, evidence of cashier's former conviction for forgery held inadmissible.**

In suit by bank receiver on bond for cashier's defalcation, admission in evidence of indictment, plea of guilty, and sentence of cashier for forgery in former, unrelated transaction *held* improper.

**5. Evidence ⊂⇒370(3)—In action on bond covering cashier's embezzlement, bank's books held inadmissible, unless kept by or under supervision of cashier.**

In action on bond given bank for protection against cashier's embezzlement, admission of books of bank *held* error, in absence of showing that such books were kept by cashier, or were under his supervision and control.

**6. Evidence ⊂⇒472(1)—Witness' conclusions as to condition of bank books and shortages held inadmissible to prove cashier's embezzlement in action on bond.**

In action by receiver on indemnity bond, testimony of witness with reference to condition of bank books and shortages on accounts *held* inadmissible to show bank cashier's embezzlement.

**7. Evidence ⊂⇒317(7)—In action on bond for cashier's embezzlement, hearsay testimony as to amounts claimed by depositors held inadmissible.**

Testimony of witness as to what he thought had been improperly charged against depositors, or as to amount claimed by depositors, *held* inadmissible as hearsay in action on indemnity bond to recover for bank cashier's embezzlement.

**8. Evidence ⊂⇒471(2)—In action on bond for bank cashier's embezzlement, certificate of bank commissioner showing depositors' claims held not admissible, because stating conclusion (Rev. St. 1925, art. 3722).**

Certificate of commissioner, showing amounts claimed by depositors and credits not entered in books of bank, *held* not admissible in action on bond for cashier's embezzlement under Rev. St. 1925, art. 3722, providing for its admission in evidence, where originals could be admitted, because statements therein were conclusions of commissioner.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Action by J. H. Smith, liquidating agent for the Trumbull State Bank, against I. K. Webb and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Stennis & Stennis, of Dallas, and Farrar & Kemble and J. C. Lumpkins, all of Waxahachie, for appellants.

Sharp & Gray, of Ennis, for appellee.

BARCUS, J. This suit was prosecuted by appellee as liquidating agent for the Trumbull State Bank, a corporation, against I. K. Webb, as principal. and the American Surety Company of New York, as surety, seeking to recover judgment on a $5,000 bond, which I. K. Webb, as the cashier, bookkeeper, and general manager of said bank, had executed. The record shows that the Trumbull State Bank was a small bank, incorporated under the banking laws of Texas, and that I. K. Webb was the only man employed in said bank. He was cashier, bookkeeper, and teller, and conducted and managed the entire business of the bank. To secure the bank against any loss it might sustain through default of said Webb by embezzlement of the money or other valuable securities, or by wrongful abstraction or willful misapplication of the funds or assets of said bank, he executed a bond, signed by the American Surety Company, in the sum of $5,000. About January, 1919, I. K. Webb mysteriously disappeared, and upon examination of the accounts of the various depositors of the bank it was found that a large portion of the bank's assets had disappeared or been wasted. Said bank was, in January, 1919, turned over to the banking commissioner, and in September, 1919, the banking commissioner turned same back to its stockholders for liquidation. J. H. Smith was appointed liquidating agent by the stockholders, and this suit was instituted to recover the $5,000 on said bond. The cause was tried to a jury, and submitted on special issues, and resulted in a judgment in favor of appellee against appellants for the full amount of said bond, with 6 per cent. interest.

[1] Appellants, by a general demurrer and several special exceptions addressed to appellee's petition in the trial court, raised the question as to the sufficiency of appellee's pleadings to entitle him to recover against the American Surety Company, because the bond on which the suit is founded provides that, unless notice is given of the defalcation or loss within 90 days, and suit filed within 2 years thereafter, no recovery can be had on the bond. All of said exceptions and demurrer were by the trial court overruled, and by a number of different assignments appellants assail these holdings. The bond sued on does provide that notice shall be given within 90 days after any embezzlement or wrongful abstraction or willful misapplication of the funds of the bank, and provides that, unless suit is filed within 2 years thereafter, all claims shall be barred. These provisions are in contravention of the statutes of this state, and have been by our courts held invalid. We therefore overrule said assignments. Citizens' Guaranty State Bank v. National Surety Co. (Tex. Com. App.) 258 S. W. 468; Maryland Casualty Co. v. Farmers' State Bank & Trust Co. (Tex. Civ. App.) 258 S. W. 584; articles 5545 and 5546, Revised Statutes.

Appellants, by several assignments, complain of the action of the trial court in over-

ruling a number of exceptions which they presented to appellee's petition and the action of the trial court in sustaining certain exceptions of appellee to appellants' answer. We have examined each of these, and same are overruled.

[2] Appellants complain of the action of the trial court in refusing to permit one J. B. Newton to intervene in this cause. There is nothing in the record showing that he had any interest in, or could be in any way affected by, the litigation. None of the parties were claiming that he was liable in any way, and there was no error on the part of the court in refusing to permit him to intervene.

[3] Appellants, by several different assignments of error, complain of the action of the trial court in submitting the cause to the jury because of the insufficiency of the testimony to support the verdict, and have asked this court to reverse and render the cause because of the insufficiency of the testimony. These assignments are overruled. Unless the record shows that the evidence has been fully developed, and that under no phase of the case could plaintiff recover, the appellate court will not reverse and render a cause for insufficient testimony, but will only reverse and remand in order that the case might be more fully developed.

[4] Appellants complain of the action of the trial court in permitting appellee to introduce in evidence an indictment, a plea of guilty, and a judgment of sentence to the penitentiary against the defendant I. K. Webb for having forged the name of Roxy Townsell to a check for $68, drawn on the Trumbull State Bank in April, 1918. There is no connection shown between this transaction and the matters in controversy, and nothing to show that any funds were paid out on said check, or that the bank or Roxy Townsell were in any way injured thereby, and, with the record in that condition, the court should have excluded said documents. Appellant's assignments of error with reference thereto are sustained.

[5] Appellants, by a number of assignments of error, complain of the action of the trial court in permitting the witness W. F. Wallace to testify to the contents of the books, and especially the individual ledger which was turned over to him as liquidating agent, and objected to the introduction of said books themselves, because said books were not shown to be the original books of entry, neither were they shown to have been made by I. K. Webb or any one authorized to make same, and because there was no proof of their having been correctly kept. If the books were being offered by appellee for the sole purpose of proving the transactions to which they relate, and showing that the items of debits and credits with reference to the transactions in controversy were correct, appellant's contention would be sound. Stark v. Burkitt, 103 Tex. 437, 129 S. W. 843; Wills Point Bank v. Bates, 72 Tex. 137,

10 S. W. 348; Baldridge v. Penland, 68 Tex. 441, 4 S. W. 565. In Stark v. Burkitt, supra, by the Supreme Court, where plaintiff was offering the books to prove his claim, the rule was laid down that—

"To authorize the introduction of book accounts in evidence, it must be proved: (1) That the book or books contain original entries of transactions pertinent to the business in question. (2) It must appear that the entries were made in the regular course of business at or near to the time the transactions were had. (3) That the entries must be such as to indicate what the charge is for; that is, what the transaction was. (4) That the entries were made by one who was authorized to do so, and that he did the acts so recorded himself, or that he made the record upon information derived from one who was authorized to do so. (5) That the transactions were regularly entered, and that the books were correctly kept."

In Wills Point Bank v. Bates, supra, the Supreme Court stated:

"The admission of bank books of original entry is governed by the same rules as the admission of the books of shop-keepers and others."

In this case, however, the foundation of appellee's suit is based upon the claim that I. K. Webb, the active man in charge of all of the affairs of the Trumbull State Bank, and the man who kept, or was charged with the keeping of, the books of said bank, had embezzled, wrongfully abstracted, or willfully misapplied funds belonging to said bank. It is apparent that the books were being offered by appellee for the purpose of tending to establish said contention. If it can be shown that the books were kept by I. K. Webb, or were kept under his supervision and control, any entries therein, or any parts thereof, tending to show an embezzlement, unlawful abstraction, or willful misapplication of the funds of the bank would be admissible as admission on his part. 10 R. C. L. 1171 and 1177; 22 C. J. 889; McGowan v. McDonald, 111 Cal. 57, 43 P. 418, 52 Am. St. Rep. 149; Kuhl v. Chamberlain, 140 Iowa, 546, 118 N. W. 776, 21 L. R. A. (N. S.) 766; notes to State Bank v. Brown, 53 L. R. A. 534. In order for the appellee to make said books admissible in evidence for said purpose, it was necessary for him to show that the books were the ones kept in connection with the bank's business, and that the entries were made either by or under the supervision of I. K. Webb. Clearly, to our minds, if I. K. Webb, as cashier and bookkeeper of said bank, was guilty of the acts charged, the false entries which he made in the books of the bank in order to cover up or conceal said acts would be legitimate evidence to go to the jury as a circumstance tending to establish said acts. We believe the true rule in a case of this character is that any entries made by I. K. Webb, or that were made under his supervision and control in any of the books of the bank which tend to in any way show he

embezzled, wrongfully abstracted, or willfully misappropriated any of the funds of the bank, are admissible in evidence against him and the surety on his bond. We think the trial court committed error in admitting the books in evidence because it was not shown that they were kept by I. K. Webb or under his supervision or control, and no effort was made to show that Webb was in any way connected with the entries or any of them that were made in said books.

[6, 7] Appellants, by a number of assignments, complain of the action of the trial court in permitting the witness Wallace to testify as to his conclusions with reference to the condition of the bank books, and with reference to his deductions and conclusions as to the amount of shortage in each individual depositor's account, and with reference to what he thought had been improperly charged against the various depositors, and with reference to the amount that each depositor claimed was due him by the bank. We sustain all these assignments. It was the province of the jury to pass upon the question as to whether any depositor's account was incorrect and as to whether appellant Webb had misapplied or misappropriated or abstracted any of the funds of the bank, and the witness could not know except from hearsay what any individual depositor might claim was due him by the bank. Said testimony was clearly based on hearsay and on conclusions made by the witness from the books, plus outside information. Magee v. Paul (Tex. Civ. App.) 159 S. W. 325.

[8] Appellants, by a number of assignments of error, complain of the action of the trial court in permitting appellee to offer in evidence a certificate from the commissioner of banking and insurance, pretending to show the condition of the books of the Trumbull State Bank at the time said books were delivered to the commissioner of banking and insurance, and especially to that portion of the certificate which stated the amount each depositor claimed the bank was indebted to him, and that portion of the certificate which stated the amount each depositor was entitled to credit for which the books failed to show. We sustain these assignments. Magee v. Paul (Tex. Civ. App.) 159 S. W. 325. The certificate did not pretend to show simply what the books of the bank showed when deposited with the commissioner of banking, but the certificate was with reference to things the books did not show, namely, the amount claimed by the depositors and the amount which the bank examiner and depositors claimed had been charged against each individual depositor that should not have been so charged, and the total amount appellee claimed as shortage against Webb. Appellee claims that said certificate was admissible under article 3722 of the Revised Civil Statutes, which authorizes copies and certificates from the banking commissioner to be offered in evidence. That article specially provides that said certificates shall be received in evidence only in cases in which the originals would be evidence. Clearly, to our mind, the banking commissioner could not testify to his conclusions as to the shortage of each individual depositor nor the total shortage. If the books are properly identified so they would be admissible, a certified copy of the books or their contents, if still in the banking commissioner's office, would be.

The other questions raised by appellants' assignments of error will not likely occur on another trial.

For the errors herein indicated, the judgment of the trial court is reversed, and the cause remanded.