**SHELBY COUNTY et al. v. O'BANION.**

No. 4277.

Court of Civil Appeals of Texas.

April 26, 1945.

Wardlow Lane and Dave McNeill, both of Center, for appellants.

T. O. Davis, of Center, for appellee.

COE, Chief Justice.

Appellee, Norris O'Banion, as plaintiff in the trial court filed this suit against Shelby County, Texas, the several members of the Commissioners' Court of said county and Walter Campbell, county treasurer, alleging that he was the duly elected, acting and qualified district clerk of Shelby County and had served as such during the years of 1941, 1942, and during the month of January, 1943; that in 1936 the Commissioners' Court of Shelby County adopted the Salary Act as the means of compensating the officers of Shelby County; that the population of Shelby County, as shown by the Federal census of 1930, was 28,627, and that in 1940 the population of said county, as shown by the Federal census of that year, was 29,235; that under the Salary Act the Commissioners' Court had no authority to set the salary of the district clerk at any sum less than the sum earned as compensation by the district clerk in 1935; that the district clerk of said county in 1935 earned as compensation the total sum of $3,500; that the Commissioners' Court set the salary of the plaintiff, appellee here, for each of the years in question at $2,400 per annum, which was $1,100 below the amount they were authorized to set the same, and prayed for judgment for $2,-270.83 to cover the unpaid balance of his salary for the two years and one month. The defendants answered by general denial and specially plead that the appellee had been paid a salary of $3,000 for each of the years 1941 and 1942 and that at his request said $3,000 salary was divided up and $2,400 was paid to him and the balance of $600 was paid for his use and benefit, and at his request, to his deputy and thereby he had actually received for his use and benefit the sum of $3,000 per annum for each of said years and that by so doing that the plaintiff was estopped to claim that he did not receive the sum of $3,000 per year.

The case was submitted to a jury on special issues and in answer to such issues the jury found that the earnings of the district clerk in fees for the year 1935 were $3,092.40 and that the ex officio salary was $600; that the Commissioners' Court had offered to pay plaintiff O'Banion $3,000 yearly for his salary for each of the years 1941 and 1942; that at the request and instance of the plaintiff for each of said years the $3,000 was divided up and $2,400 thereof was paid to the plaintiff and $600 to his deputy. Upon this verdict, which was supported by the evidence admitted by the court, judgment was entered for plaintiff for the sum of $1,062.50, from which judgment the defendants in the court below have perfected this appeal.

The evidence as reflected by the statement of facts shows that the Commissioners' Court of Shelby County on the 13th day of January, 1941, passed an order fixing the salary of the district clerk, Norris O'Banion, at $2,400 per annum and his deputy, Miss Helen Smith, at $600 per annum, and a similar order for 1942 fixing the salary of the district clerk at $2,400, first deputy (Helen Smith) at $600 per annum, and for the year 1943 passed an order fixing the salary of the district clerk at the sum of $2,750 per year. It was agreed that the

population of Shelby County was in accordance with the pleadings of the plaintiff. The plaintiff O'Banion testified, over the objection of appellants, that he was clerk of the district court of Shelby County for the years 1941 and 1942, and during the month of January 1943, and was familiar with the records kept in that office and for the legal charges made for the various services rendered by the district clerk and that he had made an exhaustive audit of the records in the office of the district clerk of Shelby County to ascertain the amount of fees earned by that office for the year 1935, and that in making said audit he examined the record of all judgments for that year, the clerk's fee book, cash book and various and sundry processes issued by the clerk as well as many filed papers in the various civil and criminal cases pending in the district court for the year 1935; that as a result of such audit he found that the office of the clerk of the district court of Shelby County, Texas, for the year 1935, earned in fees in civil cases the sum of $1,567.55 and that it earned as fees in criminal cases for such year the sum of $1,524.85, making a total of $3,092.40 earned as fees by the office of the district clerk for the year 1935, and it is further shown that the clerk for that year was paid the sum of $600 as ex officio salary.

 The view we take of the law controlling the disposition of this appeal, we feel, makes it unnecessary to make a lengthy discussion of the various points upon which this appeal is predicated. The appellants complain of the action of the court in overruling their special exceptions to appellee's petition. Being of the opinion that the petition was not subject to the objections made the contentions are overruled. Complaint is also made of the action of the trial court in admitting the evidence given by the plaintiff O'Banion, over the objections of appellants, as to the earnings of the office of district clerk of Shelby County for the year 1935, because such evidence was not the best evidence and that the records of the office of district clerk for said year was the best evidence and no showing having been made that such record was not available that secondary evidence could not be resorted to. This contention of appellants is also overruled. To the general rule that secondary evidence cannot be resorted to to show the contents

of records, writings and the like there are certain exceptions, one of them being that where the books of account or accounts are voluminous, involving intrinsic details making it impracticable to make the necessary examination in open court an expert accountant or other competent person who has examined such records may be permitted to state his conclusions as to what they show. Hartford Accident & Ind. Co. v. Shaw, Tex.Civ.App., 8 S.W.2d 196; Clopton v. Flowers, Tex.Civ.App., 183 S.W. 68; American Surety Co. of New York et al. v. North Texas National Bank, Tex. Civ.App., 14 S.W.2d 88, reversed on other grounds by Supreme Court, Royal Indemnity Co. v. North Texas Nat. Bank, 25 S. W.2d 822. The evidence reveals that it would have been impracticable for a court or jury to examine the various judgment records, the processes issued, the instruments filed and the various charges therefor, as they would necessarily have had to do if appellants' objections had been sustained. It was a matter within the discretion of the trial court to determine in the first instance whether it was practicable to require appellee to comply with the general rule and produce the original record of each item in question. Having ruled otherwise, his ruling will not be disturbed unless it appears that such discretion has been abused, and this we can not hold.

We sustain appellants' contentions to the effect that the evidence is insufficient to show the amount that the clerk of the district court of Shelby County earned as compensation for the year 1935, and therefore fails to show that the Commissioners' Court of Shelby County had fixed the salary of appellee for the years 1941, 1942 and 1943 at a lesser sum than was earned as compensation by the clerk of the district court for that year.

Section 13, Article 3912e, Vernon's Ann. Civ.St., provides that the Commissioners' Court in counties having a population of 20,000 inhabitants or more and less than 190,000 inhabitants according to the last preceding Federal census, is hereby authorized and it shall be its duty to fix the salaries of all the following officers, to-wit: "* * * district clerk * * *. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not

more than the maximum amount allowed such officer under laws existing on August 24, 1935; * * *."

Article 3883, Vernon's Ann.Civ.St., provides that the district clerk in counties within the same population bracket as Shelby County may retain the sum of $2,750 of the annual fees of his office. Article 3891 provides:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided. * * *

"In counties containing as many as twenty-five thousand and one (25,001) and not more than thirty-seven thousand, five hundred (37,500) inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Article 3883, amounts to Thirty-five Hundred Dollars ($3500)."

Article 3899 sets out the various items of expense which may be paid by the several county officers, including the district clerk, out of the annual fees of office when and if they exceed the amount he is authorized to retain for himself.

■ In order to determine the minimum amount at which the Commissioners' Court was authorized to fix the salary of the district clerk under Section 13 of Article 3912e, Vernon's Ann.Civ.St., it becomes necessary to ascertain the amount which he earned and was authorized to retain as compensation under the provisions of Article 3883, Vernon's Ann.Civ.St., and related articles. Nacogdoches County v.

Winder, Tex.Civ.App., 140 S.W.2d 972; Nacogdoches County v. Jinkins, Tex.Civ. App., 140 S.W.2d 901. These articles provide that the clerks of the district courts in such counties as Shelby for the year 1935 was entitled to retain for himself as compensation the first $2,750 earned by him as fees of office. Should any fees in excess of that amount be collected, the clerk was authorized first to pay all legal expenses of his office and should there be any remaining after such expenses had been paid such fees were classified as excess fees and the officer was entitled to retain one-third thereof until his total compensation amounted to $3,500 per annum. The evidence in this case and the findings of the jury showing the total earnings of the office of district clerk for the year 1935, without showing or taking into consideration the necessary legal expenses of the office, furnishes no guide to determine what amount the clerk of the district court of Shelby County earned as compensation for that year, and thereby fails to support the judgment as entered by the court. The evidence shows that the office of district clerk of Shelby County, Texas, for the year 1935, earned as fees of office a small amount in excess of $3,500 but that does not mean and cannot mean that the district clerk earned as compensation the sum of $3,500 as, under the statute cited above, he would only have been entitled to retain one-third of the fees in excess of $2,750, plus the expenses of his office.

■ This case was tried under the theory that the minimum amount at which the Commissioners' Court was authorized to fix the salary of the district clerk for the years in controversy was the total sum of fees earned by the office of district clerk for 1935, when as we view the law such minimum amount is controlled and fixed by what the clerk actually earned and was authorized to retain as compensation for his services as such clerk for that year. The case having been tried under that erroneous theory, we will not reverse and render the case but the same is reversed and remanded for another trial.