Monroe SPRADLIN et al., Appellants,

v.

ROSEBUD FEED & GRAIN CO. et al., Appellees.

No. 3421.

Court of Civil Appeals of Texas.

Waco.

Oct. 4, 1956.

Rehearing Denied Oct. 23, 1956.

W. L. Tandy, Waco, for appellants.

Naman, Howell & Boswell, Waco, Robert G. Carter, Marlin, for appellees.

HALE, Justice.

Appellants, Monroe Spradlin and others, brought this suit against appellees, Gabriel Zipperlen and wife, doing business as partners under the name of Rosebud Feed & Grain Co., to recover benefits accruing by reason of the provisions contained in Secs. 206, 207 and 216 of Title 29 U.S.C.A., commonly known as the Fair Labor Standards Act. They alleged in substance that they had been employed by appellees to assist in the production of goods for interstate commerce, and that appellees, as their employers, had failed and refused to pay them the full amount of the minimum wages and overtime pay they should have received under the provisions of the Act relied upon. They sought to recover the balance alleged to be due them as wages for the services they had rendered, liquidated damages and reasonable attorneys' fees, in accordance with the terms of the Federal Act.

Appellees answered the suit with a general denial, an express denial that appellants were engaged in interstate commerce at the times mentioned in their petition, and an affirmative plea that appellees were exempt from the provisions of Secs. 206 and 207 of Title 29 U.S.C.A., by Sec. 213 of such Title because appellants were employed in a local retailing capacity and by a retail or service establishment within the area of production, engaged in handling, packing, storing and preparing in their raw or natural state, agricultural commodities for market by appellees, as such terms are defined in said Sec. 213.

The case was tried before the court below without a jury and resulted in judgment that appellants take nothing. Appellants predicate their appeal upon four points of error which are in substance as follows: (1) there is no evidence to sustain the judgment of the trial court; (2) the evidence is insufficient to sustain the judgment of the trial court; (3) the court erred in overruling appellants' objections to certain testimony of appellee Zipperlen as to the total volume of wholesale and retail sales made by appellees, as reflected by their books, records and sales tickets which were tendered in court; and (4) the court erred in refusing to file findings of fact and conclusions of law, as required under Rule 296, Texas Rules of Civil Procedure. We shall discuss these points in the inverse order in which they are presented in appellants' brief.

We do not think the record before us discloses reversible error under appellants' 4th point. Although the transcript contains a written request on behalf of appellants for the trial court to file findings of fact and conclusions of law, there is no showing by bill of exception or by any recital of the trial court in any judgment or order that this ex parte request was actually presented to the trial court or called to his attention. The applicable rule under the circumstances is thus stated in 3-A, Tex.Jur., Sec. 507, p. 654: "The failure or refusal of the court to file findings of law and fact in response to a proper request therefor, or to file them within the time prescribed, will not be reviewed when it is not made the subject of a bill of exceptions, at least in the absence of a showing in the record that appellant or his counsel was misled by the court, and thereby prevented from presenting a bill in reference to the matter until after the expiration of the time therefor. The reasons given for the rule are that the attention of the judge may not have been called to the motion for conclusions of fact and law, and that without a bill the appellate court cannot know that the party making the application for findings has not waived or withdrawn it, as he may do." See also Frick v. Giddings, Tex.Civ.App., 197 S.W. 330; Ainsworth v. Dorsey, Tex.Civ.App., 191 S.W. 594; Birdwell v. Pacific Finance Corp., Tex.Civ.App., 259 S.W.2d 957. Furthermore, it appears to us that there was no disputed issue of fact raised by the competent, admissible evidence, in so far as the exemption claimed by appellees from the operation of the Fair Labor Standards

Act is concerned, and since the undisputed evidence contained in the statement of facts before us conclusively establishes that appellees were exempt from the liability asserted against them herein, as discussed below, appellants were not injured by the failure of the trial judge to file findings of fact in support of the judgment under review.

The provisions of Secs. 206 and 207 of the Fair Labor Standards Act requiring the payment by the employer of minimum wages and extra compensation for overtime work are applicable only to such employees as are engaged in interstate commerce, or in the production of goods for commerce. Sec. 213(a) (2) of the Act expressly provides that Secs. 206 and 207 relating to minimum wages and maximum hours do not apply to "any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located. A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry".

Appellants contend in their brief that the record shows conclusively they were engaged in commerce while acting in the course of their employment with appellees and that there was no competent evidence, or if so that the evidence was insufficient, to show that appellees were exempt under Sec. 213(a) (2) from the operation of Secs. 206 and 207 of the Act. They also contend that the trial court violated the best evidence rule in permitting appellee Zipperlen to testify over timely objection as to the total volume of wholesale and retail sales made by appellees, as reflected by their books, records and sales tickets, because such testimony constituted a mere conclusion on the part of the witness.

Only three witnesses testified on the trial of this case, viz.: appellants Spradlin and Green and appellee Zipperlen. Our attention has not been called to any dispute in their testimony, and we have found none. Appellees were engaged in the feed and grain business in the town of Rosebud, which was carried on at two locations, one being in the down-town section on Main Street, and the other being in the outskirts of the town on Highway 77. The business carried on at both locations was operated as a unit. Appellees kept only one set of books, records and accounts, which covered their entire operation. All employees were available for work at either place as directed by their employer, customers called indiscriminately at either location to make their purchases, and orders were taken and filled indiscriminately from either location. All sales of feed or grain were made at retail to persons living in Rosebud or to farmers in that vicinity for their own use and not for resale except, however, some corn and baled shucks.

At the highway location, appellees maintained a warehouse accommodating about 30,000 bushels of corn, and they also operated a grinding or feed mill at that location. Appellees bought corn and grain from farmers in the vicinity of Rosebud and when they had accumulated an excess of corn above the amount which they could store in their warehouse, they would sometimes make sales for delivery in carload or truckload lots or would sell to other grain merchants for resale, and they would also make occasional sales of baled shucks at wholesale.

Prior to the trial of the case, counsel for appellants took the oral deposition of appellee Zipperlen, at which time all the voluminous books, records and sales tickets of appellees were made available to appellants' counsel for his inspection. Zipperlen also testified, on examination by counsel for appellants, as to certain facts disclosed by such books and records. The oral depo-

sition of Zipperlen was introduced in evidence on the trial of the case.

At the trial and in connection with Zipperlen's testimony, the books, records and sales tickets which had previously been made available to counsel for appellants were brought into open court and tendered for inspection and examination by the court and opposing counsel, if desired. Appellee Zipperlen testified that he had made a tape of the total sales by appellees, as shown by their sales tickets, during the years 1953, 1954 and 1955 (that being the interval of time during which appellants were in the service of appellees), which showed the following total amount of sales and percentages relating thereto:

| | |
|---|---|
| 1953 Total Sales | $280,123.30 |
| Wholesale Sales | – 41,956.54 |
| Total 1953 Retail Sales | $238,166.76 |
| Percentage of Retail Sales to Total Sales | 85.022% |
| 1954 Total Sales | $309,996.66 |
| Wholesale Sales | – 76,437.43 |
| Total 1954 Retail Sales | $233,559.23 |
| Percentage of Retail Sales to Total Sales | 75.342% |
| 1955 Total Sales to June 1, 1955 | $124,492.68 |
| Wholesale Sales | – 26,282.06 |
| Total 1955 Retail Sales to June 1, 1955 | $ 98,210.63 |
| Percentage of Retail Sales to Total Sales | 78.889% |

Appellants objected to the verbal testimony of the witness Zipperlen relating to the results of the tape recording made by him from the sales tickets and books of account, because such testimony was incompetent and inadmissible, in that it constituted a mere conclusion on the part of the witness. We think the testimony, under the circumstances shown by the record, was competent and admissible, and that the trial court did not err in overruling the objection interposed. As said in 17 Tex. Jur., Sec. 202, p. 509: "Where books of account or accounts are voluminous, involving intricate details, and it is inconvenient to make the necessary examination, an expert accountant or other competent person who has examined them may be permitted to state his conclusions as to what they show, or tabulated statements made up from books in evidence may be admitted where they are shown to be correct, and contain all that which books would show in regard to the matter involved." See also Cochran v. Hamblen, Tex.Civ.App., 215 S.W. 374; Missouri, K. & T. R. Co. v. Patterson, Tex. Civ.App., 164 S.W. 442; Bush v. Davis, Tex.Civ.App., 147 S.W.2d 888; Blair v. Board of Trustees, Tex.Civ.App., 161 S.W. 2d 1030; Ellison v. Ellison, Tex.Civ.App., 164 S.W.2d 775; Shelby County v. O'Banion, Tex.Civ.App., 188 S.W.2d 195; Peters v. Brookshire, Tex.Civ.App., 195 S.W.2d 181.

Each of the parties has called the attention of this Court to certain interpretative bulletins issued by the Wage-Hour Administrator of the Fair Labor Standards Act relating to retail and service establishment exemptions of the Act, and has requested that we consider the same in disposing of this appeal. We have considered these bulletins and the cases cited in the briefs of the parties, and have concluded from the record as a whole that appellees were in law and in fact engaged in the operation of a retail or service establishment within the meaning of Sec. 213(a) (2) of the Fair Labor Standards Act and are therefore exempt from the application of the wage-hour provisions of the Act. Interpretative Bulletin, Secs. 779.0–779.36, Vol. 3, Commerce Clearing House Labor Law Reporter, pp. 21,075–21,093; Mitchell v. T. F. Taylor Fertilizer Works, 5 Cir., 233 F.2d 284.

Finding no reversible error in the record, each of appellants' points is overruled and the judgment appealed from is affirmed.