**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant,**

v.

**W. G. FRAZIER, d/b/a Cal-Tex Transportation Company, Appellee.**

No. 4055.

Court of Civil Appeals of Texas.

Waco.

Nov. 1, 1962.

Rehearing Denied Nov. 21, 1962.

House, Mercer, House & Brock, San Antonio, for appellant.

Petry & Phair, Carrizo Springs, for appellee.

WILSON, Justice.

Appellee recovered judgment on a jury verdict in his action on appellant's blanket position bond which indemnified appellee against loss sustained through fraudulent or dishonest acts of the employees in his transportation business.

Appellant complains of admission in evidence of an audit report prepared by a certified public accountant containing an itemized schedule of checks recited to be "unauthorized disbursements" by an employee who was alleged to have fraudulently and dishonestly taken and appropriated the funds represented by the checks. The audit report recited these checks were "not authorized" by appellee "under the terms of employment" of the employee. The substance of appellant's overruled objections was that these recitals constituted conclusions invading the province of the

jury as to what disbursements were authorized; and that since the report was based on examination of checks, vouchers, manifests, invoices and other records, these constituted the best evidence. Appellant's further contention is that if this evidence be disregarded, the court erred in overruling its motion for instructed verdict, and judgment for appellee was not supported by the evidence.

■ It is generally held that where, as here, the documents and records examined by a competent accountant are so voluminous and complicated that it is difficult or impracticable to examine and analyze them in court, the accountant's opinion and report summarizing what facts they show may be admitted. Hartford Accident & Indemnity Co. v. Shaw, Tex.Civ.App., 8 S.W.2d 196, 197, writ dism.; Blair v. Board of Trustees, etc., Tex.Civ.App., 161 S.W.2d 1030, 1035; Ellison v. Ellison, Tex. Civ.App., 164 S.W.2d 775, 782, writ ref. w. m.; Shelby County v. O'Banion, Tex. Civ.App., 188 S.W.2d 195, 197; 66 A.L.R. 1214; 20 Am.Jur. 399; 23 Tex.Jur.2d, Sec. 236, p. 359; IV Wigmore, Evidence (3rd ed.) Sec. 1230; 52 A.L.R. 1268. See Uniform Act for Composite Reports, Uniform State Laws, 1936.

■ This rule, however, did not authorize admission of a conclusion as to the legal effect or consequences of the records; nor here, as to whether disbursements were "unauthorized" under the accountant's interpretation of a contract, if this be regarded as an ultimate issue for the jury's determination. Continental Casualty Co. v. First National Bank, 5 Cir. Tex., 116 F.2d 885, 887, 135 A.L.R. 1141, cert. den. 313 U.S. 575, 61 S.Ct. 1087, 85 L.Ed. 1533; Bush v. Davis, Tex.Civ.App., 147 S.W.2d 888, 890, writ dism.; Webb v. Smith, Tex. Civ.App., 288 S.W. 624, 627, writ dism.; 135 A.L.R. 1148; 30 Am.Jur. Sec. 360, p. 1141.

Appellee testified the employee who made the disbursements included in the account-

ant's schedule was authorized to pay all office expenses, to "make his car payments", pay for telephone and utilities, automobile expense and insurance. He was authorized to write checks for freight advances to truck drivers, with manifest to support payment. Both appellee and the accountant testified checks were listed in the report as "unauthorized" based on information furnished by appellee to the accountant as to purposes for which the employee was authorized to issue checks under his employment contract. The accountant examined approximately 1100 checks as to date, signature, payee and endorsement, and compared these with copies of manifests and invoices and bank records furnished to him by appellee. He relied on what appellee "told me of the employment contract," and a letter from the employee not in evidence. The accountant testified the amount of "unauthorized disbursements" stated in the report, and for which judgment was rendered, was the total of the disbursements "for which there was no accompanying manifest, invoice or voucher." For his information he "had to depend on their word as the employer."

There is no evidence as to the purpose for which the checks listed in the report as "unauthorized disbursements" were drawn. They included checks payable to the telephone company, banks, insurance companies, automotive and motor concerns and others, which it is not otherwise shown were beyond the scope of the employee's specific authorization; the evidence upon which the accountant's conclusion was based being that there were no supporting documents furnished to him by the employer with which the checks could be reconciled.

We find no circumstance in evidence from which it may reasonably be inferred that appellee sustained "any loss of money or other property," much less that any loss sustained was "through any fraudulent or dishonest act" of the employee. This was what the bond insured against. The aggregate of the evidence, including the re-

port, is simply that the accountant did not find supporting documents for the "unauthorized disbursements" listed in the report in an amount for which judgment was rendered.

It is unnecessary to decide the other points presented. Reversed and remanded.