James Bryson MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 37037.

Court of Criminal Appeals of Texas.

Jan. 6, 1965.

Rehearing Denied Feb. 17, 1965.

Certiorari Denied Nov. 22, 1965.
See 86 S.Ct. 307.

**632**

Clyde W. Woody, Houston, for appellant.

Frank Briscoe, Dist. Atty., Samuel H. Robertson, Jr., Carl E. F. Dally and Gus J. Zgourdes, Asst. Dist. Attys., Houston, David Brooks Coffer, Jr., County Atty., Bryan, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for bribery; the punishment, four years in the penitentiary and a fine of $2,500.

Appellant, James Bryson Martin, and Ross Evahn, David Hudson, E. R. Coffey, and R. M. Duren were jointly charged by indictment with the offense of bribery of one Clem McClelland, a probate judge of Harris County.

Motions for severance were filed in Criminal District Court No. 5 of Harris County, in which court the indictment was pending, by appellant and also by his four codefendants. The codefendants' motion was by the court granted and, the defendants being unable to agree upon the order of trial, appellant was ordered to be tried first.

After granting the severance, the court on his own motion ordered venue of the cause changed to Brazos County and trial in the 85th Judicial District Court of said county. In the order changing venue, the court found that a trial alike fair and impartial to the accused and the state could not be had in Harris County because of the existence in the county of such great prejudice against appellant.

This is an appeal from appellant's trial and conviction in Brazos County.

The indictment, omitting the formal parts, charged:

"* * * that on or about the 2nd day of December, A.D. 1960, in said County and State, Clem McClelland was then and there the Judge of the Probate Court of Harris County, Texas, a judicial officer, the said Clem McClelland having been duly elected and qualified as such officer and having entered upon the duties of said office, a part of said duties being the appointment of appraisers, administrators and guardians in matters, causes, and proceedings filed in the Probate Court; and ROSS EVAHN, DAVID HUDSON, E. R. COFFEY, R. M. DUREN, and JAMES BRYSON MARTIN did then and there unlawfully, wilfully, and corruptly bribe and offer to bribe the said Clem McClelland by giving him the sum of Twenty-Five Thousand Seven Hundred Eighty-Three Dollars and Ten Cents ($25,783.10) in money with the intent to influence the acts, decisions, judgments and recommendations of the said Clem McClelland in his judicial capacity to thereafter appoint them, the said ROSS EVAHN, DAVID HUDSON, E. R. COFFEY, R. M. DUREN, and JAMES BRYSON MARTIN as appraisers, administrators, and guardians in matters, causes, and proceedings then pending before the said Clem McClelland in his judicial capacity, and in matters, causes, and proceedings which would thereafter be brought before and come before the said Clem McClelland in his judicial capacity in violation of his duty as said officer."

The state's evidence shows that on the dates in question, Clem McClelland was the duly elected and acting probate judge of Harris County.

As probate judge, it was Judge McClelland's duty to appoint administrators, guardians, and appraisers in cases filed in his court. During the period from January

1, 1961, through May, 1962, Judge McClelland appointed the appellant and his codefendants, Ross Evahn, David Hudson, E. R. Coffey, and R. M. Duren, as appraisers in estates for a total of 3511 times. In this same period he appointed 257 other persons as appraisers in estates for a total of 2225 times. It was shown that until January 1, 1962, the appraisers in each estate received a fee of $5, which was charged as court costs, but that additional appraisal fees were paid the appellant and his codefendants in certain estates. In one estate, appellant and two of his coindictees received the sum of $1,200; in another estate appellant, together with one of his coindictees and another person, received $300; and in a third estate appellant received a fee of $50.

On December 2, 1960, the appellant and two other persons obtained articles of incorporation from the secretary of state, authorizing the corporation to do business under the name of Tierra Grande, Inc. The appellant, acting as president of the corporation, on December 2, 1960, opened a bank account in the name of Tierra Grande, Inc., in the Citizens State Bank of Houston. The only two persons authorized to make withdrawals from the account were the appellant and Helen Smith, who had been Judge McClelland's secretary for a number of years. Beginning in December, 1960, and in each succeeding month through May, 1962, the appellant and his four coindictees made numerous deposits into the Tierra Grande, Inc. account. During such period, Evahn's deposits totaled $6,775; Hudson's totaled $4,750; Coffey's totaled $3,666.10; Duren's totaled $7,975; and those of the appellant were in the total sum of $558. During this same period of time numerous checks were drawn on the Tierra Grande account which were either payable to Judge McClelland or, from the notations thereon, were shown to be for his benefit. The total amount of checks payable to Judge McClelland or to cash and endorsed by him was in the sum of $10,550. Many other checks in various amounts were shown to have been issued for the judge's benefit. Some of the checks drawn on the Tierra Grande, Inc. account and payable to Judge McClelland had been endorsed by him and deposited to his personal account in another bank.

Appellant did not testify or call any witnesses in his behalf.

In submitting the issue of appellant's guilt to the jury, the court charged upon the law of principals and circumstantial evidence.

■ We find the evidence sufficient to support the judgment of conviction.

The record is before us without any formal bills of exception.

Complaint is made to the court's refusal to quash the indictment. Appellant timely filed and presented to the court a motion to quash the indictment, in which he alleged numerous reasons why the indictment failed to charge an offense. In the motion, appellant further excepted to the indictment on the ground that it was returned by a grand jury which had before it evidence that had been illegally obtained in a court of inquiry held before Justice of the Peace W. C. Ragan, of Precinct No. One of Harris County, in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

The record contains the motion to quash the indictment, together with the court's order thereon and a statement of facts of the evidence adduced in connection therewith. The court's order does not show an exception by appellant to the court's ruling, as required by Art. 760e, Vernon's Ann. C.C.P., to constitute an informal bill of exception under such article. Brooks v. State, 170 Tex.Cr.R. 555, 342 S.W.2d 439.

■ We have, however, examined the indictment in the light of appellant's exceptions and find that it follows the statute, and the allegations are sufficient to charge the offense of bribery, under Art. 158, Vernon's Ann.P.C.

■ Appellant's attack upon the indictment on the ground that it was returned up-

on evidence illegally obtained in a court of inquiry is similar to that urged and overruled in McClelland v. State, Tex.Cr.App., 373 S.W.2d 674, where it was held that such was not a ground for quashing an indictment in this state.

Complaint is made to the court's action in denying appellant's motion for severance and in granting his codefendants' motion and ordering him tried first. In his motion, appellant alleged that Judge Clem McClelland was under indictment for an offense growing out of the same transaction, and requested that he be tried first. Request was further made that following Judge McClelland's trial, appellant's coindictees, Evahn, Hudson, Coffey, and Duren, be put to trial in the order named.

We find no error in the court's action. The record shows that the court, in fact, granted a severance on motion of appellant's coindictees, Evahn, Hudson, Coffey, and Duren. It further appears that appellant and his four coindictees were unable to agree upon the order of trial. Upon their failure to agree, it was the duty of the court, under Art. 652, V.A.C.C.P., to direct the order of trial. In ordering appellant tried first, the court did not err. Henderson v. State, 149 Tex.Cr.App. 167, 192 S.W.2d 446.

■ Complaint is also made to the court's action in ordering venue changed to Brazos County. Appellant does not present by either formal or informal bill of exception any facts which refute the court's finding that a fair and impartial trial to both appellant and the state could not be had in Harris County. In the absence of such proof it will be presumed, on appeal, that the court had a basis for such finding, and no error is shown. Ross v. State, 153 Tex. Cr.R. 312, 220 S.W.2d 137.

Complaint is made to the court's action in permitting the state's witness, Deputy County Clerk Weldon H. Kretschmar to testify from a list which had been prepared by him and others under his direction, showing all the appraisers appointed by Judge McClelland during the period from December 1, 1960, through May, 1962. Complaint is also made to the court's action in admitting the list in evidence, as state's exhibit #43, over appellant's objection that it was in violation of the best-evidence rule.

The witness Kretschmar, as deputy county clerk of Harris County, was shown to be custodian of the probate records. He testified that the list was prepared from the records by him and those under his direction, and verified the accuracy of the list and stated that it was prepared from the original records, which consisted of between sixteen and seventeen thousand pages and contained between five and six thousand guardianships.

■ The original probate records were in court at the trial and made available to appellant for inspection. Under the record, the court did not err in admitting the list in evidence and in permitting the witness to testify from the list, which was a summation made by the witness from the original records of the appointments made by Judge McClelland during the period of time shown. New Amsterdam Casualty Company v. W. D. Felder & Co., 214 F.2d 825, 5 Cir.; Spradlin v. Rosebud Feed & Grain Co., 294 S.W.2d 301, Civ.App., writ refused.

■ We overrule appellant's contention that the court erred in allowing the state to introduce evidence which was unconstitutionally obtained, in violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States. An examination of the record does not reflect that any illegally obtained evidence was introduced against appellant. The evidence presented against him consisted of the testimony of witnesses and numerous exhibits of bank records which were presented in court under subpoenas issued by the district clerk of Brazos County. No evidence which appellant insists was illegally obtained in the court of inquiry was introduced upon the trial.

■ We also overrule appellant's contention that the penalty provision of Art. 158, supra, is so vague and indefinite as to render the statute void.

The penalty provision of the statute provides:

"* * * shall be confined in the penitentiary not less than two nor more than five years, or be confined in jail for not less than one month nor more than two years, or be fined not less than Five Hundred Dollars nor more than Five Thousand Dollars, or by both such fine and imprisonment."

In Mosier v. State, 90 Tex.Cr.R. 136, 234 S.W. 225, a similar penalty provision in Art. 1150, V.A.P.C., defining the offense of failure to stop and render aid, was upheld against a contention that it was vague and indefinite.

The judgment is affirmed.

Opinion approved by the court.

## ON APPELLANT'S MOTION
## FOR REHEARING

MORRISON, Judge.

In a scholarly manner appellant has attacked our original opinion because we failed to discuss his contention that all evidence as to the Tierra Grande books were introduced over his objection that they were tainted under the "fruits of the poisonous tree" doctrine so ably announced years ago by the Supreme Court of the United States in Silverthorne Lumber Company v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319. His contention is bottomed upon the assertion that the subpoena duces tecum issued by the Court of Inquiry which made it possible for the prosecution to secure possession of copies of such records was an illegal process because the Court of Inquiry itself was conducted in an unconstitutional manner.

■ The answer to this contention seems to be that both our Civil Courts and this Court have had this question before them and have failed to agree with him.

While it is true that this writer on Motion for Rehearing in McClelland v. State, Tex.Cr.App., 373 S.W.2d 674, expressed his trepidation over the propriety of the manner in which the Court of Inquiry was conducted, and Chief Justice Bell and Justice Coleman expressed their concern over the same matter in McClelland v. Briscoe, Tex. Civ.App., 359 S.W.2d 635, no court has held that such procedure reaches constitutional dimensions.

Silverthorne, supra, was a case of search without a warrant and by virtue of an invalid subpoena. Here we have a subpoena duces tecum (itself a process authorized by statute) issued by the Justice of the Peace who was acting pursuant to his authority after having convened the Court of Inquiry which was authorized by Article 886, Vernon's Ann.C.C.P., a statute of this State which was first enacted by the Legislature in 1876.

■ It is not within the province of an appellate court to declare unconstitutional all that appears to them to be unfair and not wise exercise of the powers of government. In the case of Sproles v. Binford, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167, the Supreme Court of the United States said:

When the subject lies within the police power of the state, debatable questions as to the reasonableness are not for the courts but for the Legislature, which is entitled to form its own judgment, and its action within its range of discretion cannot be set aside because compliance is burdensome."

The writer has perused with care the record made before the Honorable Sam Davis on Appellant's motion to quash the indictment, made a part of the record in this case, and is of the same opinion as he expressed in McClelland v. State, supra, and here now expresses the thought that the Legislature should provide needed relief by either eliminating the statute which author-

izes the Court of Inquiry or providing some procedural safeguards for the conduct of proceedings before the same. But we have not been able to bring ourselves to hold that the conduct before us here is comparable with that denounced in Silverthorne, supra.

 Appellant's contention as to the failure of the court to place McClelland on trial first is without merit because the court was without the power to direct the order of trial in McClelland's case, as he had already transferred the case against McClelland to another county and could not prevent a continuance in appellant's case by then ordering McClelland's case first. Henderson v. State, 104 Tex.Cr.R. 495, 283 S.W. 497.

The appellant's motion for rehearing is overruled.